528

### HOLMES v. UNITED STATES.

#### No. 11766.

Circuit Court of Appeals, Eighth Circuit.

Nov. 27, 1940.

Gordon A. Nicholson, of Omaha, Neb., for appellant.

Emmet L. Murphy, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson, both of Omaha, Neb., and Fred G. Hawxby, of Lincoln, Neb., Asst. U. S. Attys., on the brief), for appellee.

Before SANBORN, and THOMAS, Circuit Judges, and DEWEY, District Judge.

PER CURIAM.

The appellant was tried, convicted, and sentenced under an indictment containing nineteen counts. Count 1 charged him with a violation of the Securities Act of May 27, 1933, 15 U.S.C.A. § 77q(a) (1). Counts 2 to 18 charged him with violating 18 U.S.C.A. § 338, by using the United States mails in execution of a scheme to defraud. Count 19 charged him with conspiracy under 18 U.S.C.A. § 88. Count 2 was dismissed during the trial, and the appellant was found guilty under all other counts and was sentenced to fifteen years' imprisonment and to pay a fine of $25,000. He appealed from the judgment and sentence. Upon an application to this court, he was granted leave to prosecute his appeal as a poor person, and counsel was appointed to represent him. His counsel has made every effort to secure for him a complete review of the proceedings leading to his conviction. It was not possible for his counsel to procure a bill of exceptions. The trial lasted from April 16, 1940, to May 4, 1940. No official reporter was present and complete notes of the evidence were not taken. A stenographer, who had been in appellant's employ and who was herself a material witness in the case, took notes of much of the evidence, but not all of it. She transcribed her notes, and counsel for appellant endeavored to have her transcript accepted as a bill of exceptions. It was not complete and its accuracy was questioned by counsel for the government. The time within which the court below could allow a bill of exceptions passed. No sufficient showing could be made to justify this court in ordering counsel for the government and the court below to prepare a bill of exceptions from memory or from such notes and memoranda as

might be available. There is therefore no bill of exceptions in this case.

The errors assigned relate to the court's instructions, certain rulings upon evidence, and the sentence imposed.

■ In the absence of a bill of exceptions containing the charge of the court, there could, of course, be no reversal for error in the charge. Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269. The main portion of the court's instructions were, however, reduced to writing and were attached by the clerk of the District Court to the primary record, and we have examined them.

■ The contention that the court did not sufficiently instruct the jury upon the burden of proof is without merit. The jury were advised: "The burden devolves upon the government that presents this charge of meeting the presumption of innocence and overcoming it by proof, and the degree of proof which the law establishes as the standard by which the defendant shall be tried is that his guilt must be shown beyond a reasonable doubt. The defendant cannot, therefore, be convicted of the offenses charged in this indictment unless and until each and every essential element of the crime has been established by evidence that satisfies you beyond a reasonable doubt;" and that: "If after a full and fair consideration of all the evidence in this case, there is a reasonable doubt in your minds as to the guilt of the defendant, you should not hesitate to return a verdict of not guilty. On the other hand, if after such consideration there is not a reasonable doubt in your minds of the guilt of the defendant, you should not hesitate to return a verdict of guilty."

■ It is suggested that the appellant, because of certain rulings upon evidence, was deprived of a full opportunity to show that he honestly believed to be true the representations which the government contended were known by him to be false, and that he at no time intended to defraud those who purchased the securities which it was asserted were sold pursuant to the scheme described in the indictment. Obviously, in the absence of a bill of exceptions, this court would have no right to even suspect that prejudicial error was committed in these regards.

■ This court cannot concern itself with the sentence imposed upon appellant. Where a District Court imposes a sentence

authorized by a statute of the United States, it commits no error of law. The sentence imposed by the court below was well within the maximum limit fixed by the applicable statutes. We have no power to grant, or to entertain, applications for commutation of sentence.

Faced with a difficult situation, counsel for appellant has properly called our attention to matters which he thinks merit consideration. We regret that a full review of the proceedings had in the court below is not possible,—not because there is any basis for believing that appellant, who was represented by able counsel in that court, did not have a fair trial, but because it is unfortunate that any appellant in an important criminal case should be deprived of a review because of his inability to procure a transcript of the evidence.

The judgment is affirmed.