## MILLER v. UNITED STATES.

### No. 11958.

Circuit Court of Appeals, Eighth Circuit.

Jan. 19, 1942.

Henry Woods and Phil G. Alston, both of Texarkana, Ark., for appellant.

Clinton R. Barry, U. S. Atty., and John E. Harris and Thomas C. Pitts, Asst. U. S. Attys., all of Fort Smith, Ark., for appellee.

Before SANBORN and JOHNSEN, Circuit Judges, and NORDBYE, District Judge.

PER CURIAM.

Since this Court decided this case, November 25, 1941, 123 F.2d 715, the appellant has filed applications praying (1) for the appointment of counsel to conduct further proceedings in his behalf, and (2) for an order directing that, at the government's expense, a full and complete transcript of all of the testimony taken at his trial be sent to this court to enable it to review and reconsider his case. Attached to these applications is a "Statement of the Case,"
which, if true, indicates that the appellant was wrongfully convicted of the crime of kidnapping.

The record on appeal was only sufficient to present the one question which was submitted to this court for decision, namely, whether the trial court should have submitted to the jury the question of the age of the person who was allegedly kidnapped by the appellant, it being his contention that such person was a minor and that he was her parent because she was the illegitimate child of his wife, and that therefore he came within the exception in the applicable statute which excluded the kidnapping of a minor child by a parent. 18 U.S.C.A. § 408a. We have decided the only question presented to us adversely to the appellant and have affirmed his conviction. We have no intention of reconsidering the question decided. Ordinarily under such circumstances the case should be ended so far as this court is concerned.

However, in Holmes v. United States, 62 S.Ct. 357, 86 L.Ed. ——, the Supreme Court, "on the Government's consent," vacated a judgment of this court affirming a conviction (see 8 Cir., 115 F.2d 528), and ordered this court to conduct further proceedings. We had affirmed the judgment in the Holmes case because there was no bill of exceptions (the testimony at the trial had not been reported) and because we were led to believe from the representations made by the United States Attorney for the District of Nebraska and by counsel appointed by us to represent the appellant in that case that there was no possibility that a bill of exceptions sufficient to enable us to decide the questions which the appellant sought to present could ever be procured. In view of the Government's action in the Holmes case, it seems advisable in this case to give the Attorney General of the United States, as well as the United States Attorney who tried the case, the opportunity to inform us as to the government's position in the matter, so that, if the government desires to consent to the reopening of the case, it may do so here, without subjecting the appellant to the unnecessary burden in such a situation of having to petition for certiorari, before the consent is granted.

It is therefore ordered that the clerk of this court forward by mail both to the Attorney General of the United States and to the United States Attorney for the Western District of Arkansas copies of this order and of the appellant's applications, and

that they make their respective responses to the applications within thirty days from the date of the filing hereof.

It is further ordered that a copy of this order be mailed by the clerk to the appellant, that the government mail copies of its responses to the appellant, and that he have ten days after he has received copies of the responses to file his reply thereto with the clerk of this court.