**MILLER v. UNITED STATES.**

No. 11958.

Circuit Court of Appeals, Eighth Circuit.

March 25, 1942.

For original judgment of affirmance of conviction, see 123 F.2d 715.

See, also, 124 F.2d 849.

No attorney appeared for the appellant.

Clinton R. Barry, U. S. Atty. and Thomas C. Pitts, Asst. U. S. Atty., both of Fort Smith, Ark., for the United States.

Before SANBORN and JOHNSEN, Circuit Judges, and NORDBYE, District Judge.

PER CURIAM.

This Court on November 25, 1941, affirmed the conviction of the appellant. 8 Cir., 123 F.2d 715. Thereafter the appellant, who is without funds and has entered upon the execution of his sentence, filed applications praying (1) for the appointment of counsel to conduct further proceedings on his behalf, and (2) for an order directing that, at the Government's expense, a full and complete transcript of all of the testimony taken at the trial be sent to this Court to enable it to review and reconsider this case. The appellant had presented only one question for decision, and his record on appeal was insufficient to enable this Court to determine other questions if they had been presented. Since in Holmes v. United States, 62 S.Ct. 357, 86 L.Ed. ——, the Government had consented to the vacation of a judgment of affirmance entered by this Court (see 8 Cir., 115 F.2d 528) in a case where the record on appeal contained no bill of

exceptions and was insufficient to enable this Court to determine the questions presented for decision, we considered it advisable, in the instant case, to ascertain whether the Government desired to consent that the case might be reopened to enable the appellant, Miller, to have a complete review. We therefore made an order requesting that the Government make response to the applications of the appellant, and affording the appellant an opportunity to reply to the response of the Government. See, 8 Cir., 124 F.2d 849. The Government has made its response, in which it seeks to distinguish the situation in the Holmes case from the situation in this case, and states that it could not lawfully pay or be compelled to pay for a bill of exceptions in this case, and that the appellant had the opportunity to procure a complete record on appeal had he desired to do so. The Government indicates that it does not propose to consent to the vacation of the judgment of this Court or to a reopening of this case.

Whether there is a distinction between the Holmes case and the present case, we do not regard as important. What we were concerned about was whether the Government proposed to consent to a vacation of the judgment of this Court in this case and to a reconsideration and rehearing. This Court has decided the only question which was presented and which, upon the record, it had jurisdiction to decide, and we are convinced that it decided that question correctly. The only judgment which could have been entered was entered, and the case is ended so far as this Court is concerned. If further proceedings are to be conducted by the appellant, they must necessarily be conducted in the Supreme Court of the United States. We are therefore, of the opinion that the appellant, if he intends to proceed further, should apply to that Court for such relief and assistance as he may consider himself entitled to. He is granted leave to withdraw any of the original documents presented by him to this Court in connection with his applications for the appointment of counsel and for a complete transcript of the evidence. If any further proceedings taken by the appellant in the Supreme Court result in any liability for Clerk's fees or costs in this Court, he, as a poor person, is relieved of the obligation to pay such fees or costs.

The applications of the appellant are denied.