## MILLER *v.* UNITED STATES.

No. 76.  Argued November 18, 1942.—Decided December 7, 1942.

*Mr. Howard C. Westwood,* with whom *Mr. Charles M. Davison, Jr.* was on the brief, for petitioner.

*Mr. Archibald Cox,* with whom *Solicitor General Fahy, Assistant Attorney General Berge,* and *Mr. Robert S. Erdahl* were on the brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This case presents important questions in respect of criminal proceedings against poor persons in federal courts. For this reason we granted certiorari.

The petitioner was indicted, tried, and convicted in the United States District Court for Western Arkansas for kidnapping in violation of Title 18 U. S. Code § 408a. As he was without funds to conduct his defense, the court appointed counsel for him. The person charged to have

been kidnapped was the illegitimate daughter of petitioner's wife.

Two defenses were presented. The first was that the petitioner came within the exception stated in the statute, that it shall not apply to a kidnapping "in the case of a minor, by a parent thereof." To sustain this defense, petitioner offered evidence to prove that the girl was a minor and that, having married her mother, he stood in the relation of a parent to her. The second defense was that the petitioner had neither taken nor detained the young woman against her will. The District Judge ruled against the petitioner's contention that he was a parent within the intendment of the statute, but sent the case to the jury on the question whether he had apprehended or detained his wife's daughter against her will. The jury rendered a verdict of guilty. Judgment of sentence was entered.

In due time, petitioner's counsel filed notice of appeal in which, amongst others, reasons advanced were that the court erred in refusing peremptory instructions for acquittal at the conclusion of the Government's case and at the conclusion of all the evidence; that the verdict of the jury was contrary to the weight of the evidence; and that the court erred in refusing to instruct the jury that, if they found the complaining witness was under the age of eighteen years at the time of the kidnapping they must find the petitioner not guilty.

The District Court entered an order permitting the petitioner to appeal *in forma pauperis,* and the Circuit Court of Appeals also permitted the prosecution of the proceedings in that court *in forma pauperis.*

In connection with the appeal, errors were specifically assigned to the ruling of the District Court respecting the status of the petitioner as a parent, but no error was so assigned to the action of the court in submitting the fact questions respecting the alleged apprehension and detention of the complaining witness, although the assignments

of error concluded with a prayer for a reversal for "other manifest errors in the record and proceedings." The Bill of Exceptions allowed by the District Court set forth only so much of the proceedings as went to the question of petitioner's asserted parenthood of the alleged minor. It also included the proceedings on motions for directed verdict and the action of the court upon those motions, but none of the evidence on which the motions were based.

The Circuit Court of Appeals affirmed the judgment and, in so doing, dealt only with the question of the petitioner's parenthood.[1] At the close of its opinion it stated: "No other question having been raised on this appeal, it follows that the judgment must be and is affirmed."

The petitioner entered upon service of his sentence and, being without counsel, personally forwarded to the Circuit Court of Appeals a petition for the appointment of counsel and a petition for rehearing. In the latter, he urged that there was no testimony in the record indicating that he took or detained his wife's daughter against her will, and prayed that the Circuit Court of Appeals issue a writ of certiorari to bring up a complete transcript of the testimony taken at his trial. In a *per curiam* opinion,[2] the court stated that it had decided the only question before it, but ordered that the United States Attorney answer the petition so that it might be ascertained whether a Bill of Exceptions could be prepared to raise the questions which the petitioner desired to have decided. The prosecuting officer answered alleging that the entire testimony in the case had been taken stenographically by the district judge's secretary, whose notes were available and could be transcribed. The answer further set forth that the judge's secretary had important duties to perform; that the testimony which he took stenographically was of large volume; that its transcription would involve labor

[1] 123 F. 2d 715.
[2] 124 F. 2d 849.

for which he ought to be paid; and that the Government could not be required to pay for a transcript of the evidence or to furnish such a transcript to the defendant.

To this answer, the petitioner filed a response in which, amongst other things, he alleged that he had repeatedly urged his attorney to present to the Circuit Court of Appeals the question of the sufficiency of the evidence to sustain his conviction, and that his attorney had invariably replied that this could not be done without obtaining a transcript of the evidence so as to make a proper Bill of Exceptions covering the subject; that the attorney further advised him that a transcript of the testimony could not be procured because the petitioner had no funds to pay for its preparation. It stands admitted on the record that these are the facts.

The Circuit Court of Appeals, in a third opinion,[3] stated that it had requested a response to the petition for rehearing in order to ascertain whether the Government, as in *Holmes* v. *United States,* 314 U. S. 583, would consent to the vacation of the judgment so that a proper record might be made as the basis for consideration of the question urged by the petitioner. The court stated that, in view of the Government's opposition to a vacation of the judgment or a reopening of the case, it felt itself without power to act further in the matter, and indicated that if the petitioner desired to bring the cause to this Court such facilities should be furnished him as were necessary to that end without the obligation to pay fees or costs.

The petitioner presented to this Court a petition for certiorari and a petition for leave to proceed *in forma pauperis.* We granted the writ and gave leave to proceed *in forma pauperis.* As he was without counsel, we appointed counsel to act for him in this Court.

[3] 126 F. 2d 462.

1. There is no law of the United States creating the position of official court stenographer and none requiring the stenographic report of any case, civil or criminal, and there is none providing for payment for the services of a stenographer in reporting judicial proceedings. The practice has been for the parties to agree that a designated person shall so report. The one selected must be paid by private arrangement with one or more of the parties to the litigation. The amount paid to him is not costs in the cause nor taxable as such against any of the parties.

2. At the instance of the Conference of Senior Circuit Judges, legislation has been introduced in Congress to provide an official system of reporting and to defray the cost of it. That legislation, as we understand, will, if adopted, obviate the difficulties presented in this case. As the matter stands, however, it is clear that the judge's secretary who stenographically reported the trial is not an officer of the United States in his capacity as reporter, is not entitled to fees from the United States for his services, and his compensation cannot be treated as costs. The Act of July 20, 1892, as amended,[4] applies only to court costs, permits the taking of an appeal without prepayment of cost of printing the record in the appellate court, and provides in certain cases for the printing of that record at Government expense. It does not authorize the procurement of a transcript of the testimony nor the payment for services in reporting evidence taken at the trial nor for the obtaining of it by the Government in behalf of an indigent defendant.

3. It is urged by the petitioner that the District Court has inherent power, in the interests of justice, to order preparation of a transcript for the petitioner's use in making up a bill of exceptions and to impose the expense of so

---

[4] 28 U. S. C. § 832.

doing upon the Government. The respondent points out that the Comptroller General has ruled that there is no appropriation from which such expense may be paid [5] and, whether he is or is not right, it remains that no appropriation is available without authorization of payment by the Attorney General. That officer appears unwilling to test the matter by making such authorization. We need not stop to consider these opposing views because of the facts developed in the briefs and in argument.

4. As we have said, the trial judge's secretary took stenographic notes of the entire testimony and his notes are available. It was stated at the bar that this gentleman stands ready to read his notes into a dictaphone without charge to the petitioner. In the light of these facts it would seem that it is possible to prepare an adequate bill of exceptions fairly reflecting the purport of the testimony.

It has become the usual, because the more convenient, method to prepare a bill of exceptions by the use of a stenographic transcript of the evidence. Even so, the bill ought not to contain all of the evidence but only that which is relevant to the issues made upon the appeal, and often it is expedient and satisfactory to summarize the evidence and transmute it into narrative form. Historically a bill of exceptions does not embody a verbatim transcript of the evidence but, on the contrary, a statement with respect to the evidence adequate to present the contentions made in the appellate court. Such a bill may be prepared from notes kept by counsel, from the judge's notes, from the recollection of witnesses as to what occurred at the trial, and, in short, from any and all sources which will contribute to a veracious account of the trial judge's action and the basis on which his ruling was invoked.

---

[5] 9 Comp. Gen. 503; cf. 21 Comp. Gen. 347.

Counsel in this case could, therefore, have prepared and presented to the trial judge, as was his duty, a bill of exceptions so prepared, and it would then have become the duty of the trial judge to approve it, if accurate, or, if not, to assist in making it accurately reflect the trial proceedings. We are unwilling to hold that the petitioner is foreclosed from obtaining a bill in the circumstances of this case. Petitioner repeatedly insisted that counsel procure a proper record on appeal to present the question of the sufficiency of the evidence to sustain his conviction. The petitioner did everything that lay within his power to obtain such a proper record, and we think he should not be penalized for the failure of his appointed counsel to take the necessary measures, if the power exists to afford him a hearing on the point he deems material.

5. We are of opinion that the Circuit Court of Appeals had power in the circumstances to remand the cause for the settlement of a proper bill of exceptions. Rule 4 of the Criminal Appeals Rules [6] provides that, after the filing of the notice of appeal, the appellate court shall have supervision of the proceedings on appeal, including the proceedings relating to the preparation of the record on appeal, and that it may entertain a motion for directions to the trial court. This power extends to the procurement of a proper bill of exceptions [7] and ought to be liberally exercised where the contention is that the evidence is insufficient to support the verdict. [8]

We think the right course in this instance is to remand the cause to the Circuit Court of Appeals in order that it may enter an order permitting the settlement of a bill

[6] 18 U. S. C. A. § 688ff.

[7] *Ray* v. *United States*, 301 U. S. 158, 164, 167; *Holmes* v. *United States*, 314 U. S. 583.

[8] *Hemphill* v. *United States*, 312 U. S. 657.

200

of exceptions in the District Court to present the point urged by petitioner. Upon the entry of such an order it will be the duty of counsel for petitioner to present a bill made up from the best sources available. It will then become the duty of the district judge to assist in amplifying, correcting, and perfecting this bill from such sources, and to settle the same in order to present the evidence given at the trial. From such a bill the Circuit Court of Appeals will no doubt be able to decide whether there was evidence to sustain petitioner's conviction.

*So ordered.*