## UNITED STATES v. MIGNOGNA.

### No. 39063.

District Court, E. D. New York.

Jan. 26, 1944.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U.

S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Peter J. Haberkorn, of New York City, for defendant.

MOSCOWITZ, District Judge.

The defendant was indicted for unlawfully, wilfully, knowingly and feloniously taking a large number of gasoline ration books and coupons, property of the United States, in violation of 18 U.S.C.A. § 99.

Arraigned on March 22, 1943, the defendant pleaded not guilty. On April 2, 1943, being represented by counsel and warned by the court of the punishment which might follow his doing so, the defendant in open court withdrew his plea of not guilty and pleaded guilty as charged. On April 22, 1943, defendant was sentenced to imprisonment. In November, 1943, defendant moved for leave to withdraw his plea of guilty, to have the sentence vacated and the cause restored to the trial calendar on the alleged ground that he was denied the opportunity to adequately prepare for trial. After three days' hearings on that application, the court rendered its decision denying the motion.

A motion is now made for an order, purportedly pursuant to 28 U.S.C.A. § 832,[1] directing the United States and the Attorney General to pay the cost of the stenographic copy of the testimony taken at those hearings.

The statute under which application is made does not authorize the relief sought. It applies only to court costs and provides in some cases for the printing of the record in the appellate court at Government expense. It does not authorize the procurement of a transcript of the testimony nor the payment for services in reporting evidence taken at the trial nor for the obtaining of it by the Government in behalf of an indigent defendant. Miller v. United States, 317 U.S. 192, 197, 63 S.Ct. 187.

The motion is therefore denied.

Settle order on notice.

[1] Act of July 20, 1892, as amended, 28 U.S.C.A. § 832: "Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or a writ of error or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, before or after bringing suit or action, or upon suing out a writ of error or appeal, upon filing in said Court a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action or of such writ of error or appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks in such suit or action or writ of error or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal. In any criminal case the court may, upon the filing in said court of the affidavit hereinbefore mentioned, direct that the expense of printing the record on appeal or writ of error be paid by the United States, and the same shall be paid when authorized by the Attorney General."