George Thomas **STEWART**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14068.

United States Court of Appeals
Sixth Circuit.

May 2, 1960.

George F. Stewart, in pro. per, on appellant's brief, David N. Gorman, Cincinnati, Ohio (appointed by the court), argued and on supplement brief.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for appellee, John C. Crawford, Jr., and John F. Dugger, Knoxville, Tenn., on the brief.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant was tried and convicted by a jury in the District Court on the charge of assault with a dangerous weapon with intent to do bodily harm and without just cause or excuse within the special maritime and territorial jurisdiction of the United States in violation of Title 18 U.S.C.A. § 113(c). He was sentenced to three years imprisonment.

In the District Court he was represented by counsel assigned by the Court. Different counsel was assigned to assist him in his appeal. Appellant filed his own brief and his assigned counsel filed a supplemental brief.

The District Court on October 2, 1959, ordered that appellant be permitted to prosecute his appeal in forma pauperis, but on December 17, 1959, denied his application to furnish him at Government expense a typewritten transcript of the testimony taken at the trial.

In the supplemental brief of appellant he asks that the order denying him a transcript at Government expense be reversed. He urges that the order allowing him to proceed in forma pauperis entitles him to a complete transcript at Government expense as a matter of right. Parsell v. United States, 5 Cir., 218 F.2d 232.

We do not so interpret the applicable decisions of the Supreme Court. In Johnson v. United States, 352 U.S. 565, 566, 77 S.Ct. 550, 551, 1 L.Ed.2d 593, the Court said:

"Finally, either the defendant or his assigned counsel must be enabled to show that the grounds for seeking an appeal from the judgment of conviction are not frivolous and do not justify the finding that the appeal is not sought in good faith. This does not require that in every such case the United States must furnish the defendant with a stenographic transcript of the trial. It is essential, however, that he be assured some appropriate means—such as the district judge's notes or an agreed statement by trial counsel—of making manifest the basis of his claim that the District Court committed error in certifying that the desired appeal was not pursued in good faith. See Miller v. United States, 317 U.S. 192, 198, 63 S.Ct. 187, 190, 87 L.Ed. 179."

See also: Farley v. United States, 354 U.S. 521, 522, 77 S.Ct. 1371, 1 L.Ed.2d 1529.

In Miller v. United States, 317 U.S. 192, 63 S.Ct. 187, 190, 87 L.Ed. 179, the Court said:

"It has become the usual, because the more convenient, method to prepare a bill of exceptions by the use of a stenographic transcript of the evidence. Even so, the bill ought not to contain all of the evidence but only that which is relevant to the issues made upon the appeal, and often it is expedient and satisfactory to summarize the evidence and transmute it into narrative form. Historically a bill of exceptions does not embody a verbatim transcript of the evidence but, on the contrary, a statement with respect to the evidence adequate to present the contentions made in the appellate court. Such a bill may be prepared from notes kept by counsel, from the judge's notes, from the recollection of witnesses as to what occurred at the trial, and, in short, from any and all sources which will contribute to a veracious account of the trial judge's action and the basis on which his ruling was invoked." 317 U.S. at p. 198, 63 S.Ct. at p. 190.

In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 591, 100 L.Ed. 891, the Court held that the petitioner's constitutional rights had been violated where no transcript was afforded to review a state conviction. The Court said however:

"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases. The Illinois Supreme Court appears to have broad power to promulgate rules of procedure and appellate practice. We are confident that the State will provide corrective rules to meet the problem which this case lays bare." 351 U.S. at p. 20, 76 S.Ct. at p. 591.

Cf. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, re proceedings in forma pauperis.

Our rules permit the filing by the appellant of such transcript of the testimony as he deems necessary for his appeal, subject to the right of appellee to file additional portions. Rule 15(2), Revised Rules of the United States Court of Appeals for the Sixth Circuit, 28 U.S. C.A.

However, although appellant is not entitled to a transcript at Government expense as a matter of right, the denial thereof in this case creates a difficult problem. Assigned counsel, not having participated in the trial, states, with complete frankness, that he is unable to adequately represent appellant without some means of ascertaining what transpired in the District Court.

It is possible that an agreed statement of facts, or some other appropriate procedure short of supplying a full transcript, can be arrived at which would satisfy the exigencies of the problem. Perhaps agreement on a partial transcript of the testimony can be had which would support the allegations of error. It is possible that a complete transcript is necessary in order that appellant be adequately represented.

It is the opinion of this Court that the proper procedure in a case such as this is that a hearing be held in the District Court for the purpose of determining if a transcript is needed to exhibit the errors complained of, and if such is the case how complete a transcript is necessary.

The order of the District Court denying appellant a transcript at Government expense is vacated and the case remanded for further proceedings consistent with the opinion of this Court. Jurisdiction is hereby reserved, upon the completion and filing of the transcript so determined, to hear and decide the issues in the present appeal.