Charlie COBB, Petitioner,

v.

Dr. R. O. SETTLE, Warden, Respondent.

No. 14072.

United States District Court
W. D. Missouri, W. D.

Feb. 19, 1963.

[redacted]

William A. Wear, Springfield, Mo., for petitioner.

F. Russell Millin, U. S. Dist. Atty., Joseph L. Teasdale, Asst. U. S. Dist. Atty., for respondent.

JOHN W. OLIVER, District Judge.

In our memorandum and order of January 2, 1963, D.C., 209 F.Supp. 759, we noted that petitioner, subsequent to our first memorandum and order of October 26, 1962, had placed in direct issue the questions of whether his commitment was in fact made pursuant to Section 4246 or pursuant to Section 4248 of Title 18 United States Code, and if under the latter section, whether such a commitment is valid. We there noted that when we first ruled on petitioner's application for habeas corpus in October of 1962, it was not necessary to make a definitive determination of those questions. And we then added that:

> "While we are convinced by the cases cited in our original memorandum that the improper citation of a particular section of the statutes is not jurisdictionally fatal, we are equally convinced that we can not rule the legal and constitutional questions that may be presented by this case until we have before us the full and accurate record of all those proceedings that support the orders made in the Eastern District of Kentucky concerning petitioner's original commitment to the United States Public Health Service Hospital in Lexington, Kentucky, and his most recent commitment to Springfield Medical Center."

After discussing the possibility that the United States District Court for the Eastern District of Kentucky might want to hold another hearing concerning petitioner's present condition in light of the Addendum dated October 12, 1962 of Dr. Charles R. Oppegard, Chief of the Psychiatric Service at Springfield Medical Center (which was attached on that date to the Neuropsychiatric Staff Examination of July 26, 1962), we entered the following order on January 2, 1963:

> "1. The United States Attorney for this District ascertain from the United States Attorney of the Eastern District of Kentucky whether a further hearing in regard to petitioner is contemplated in the immediate future.
>
> "2. In the event no future hearing is contemplated, then respondent shall file a supplemental answer and return in which shall be included a transcript of all proceedings, including testimony, had concerning petitioner in the District Court of the Eastern District of Kentucky.
>
> "3. The United States Attorney for this District will comply with this order not later than thirty (30) days of the date of this memorandum and order."

Respondent, out of time, now files his response to our order of January 2, 1963. In it we are advised that "a further hearing in regard to petitioner is not contemplated by the committing court in the immediate future". Various documents are attached to the response but we are advised that a transcript of the hearing held on May 8, 1962, cannot be furnished this Court because respondent has not been able to obtain it.[1]

1. A letter from the United States Attorney in Kentucky attached to the response suggests that a single day's testimony cannot be transcribed before March 1, 1963. It is a little difficult for this Court to understand how this situation can exist. Apart from the fact this Court issued its order on January 2, 1963, the

The documents attached, however, reveal that on May 3, 1961, petitioner was indicted for an alleged violation of Sections 111 and 1114 of Title 18 United States Code; that it was not until February 12, 1962, that petitioner was by a "motion and order" committed to the United States Public Health Service Hospital at Lexington, Kentucky, for a period of thirty days for examination; that on May 8, 1962 some sort of hearing was held on "the question of the mental condition of the defendant Charlie Cobb", pursuant to a motion filed April 4, 1962; and that on May 8, 1962, the committing court entered the judgment under which petitioner is presently detained.

Respondent's return also attaches a copy of a telegram, somewhat anticipatorily sent, from the United States Marshal at Lexington, Kentucky, to the United States Marshal for this District advising that a detainer is being filed in order that the petitioner be taken into custody on a charge relating to a violation of Sections 111 and 1114 of Title 18 United States Code, if the petitioner be released from the Medical Center for any reason.[2]

We are convinced by what evidence we have been able to obtain that our initial impression that the citation of Section 4248 in the committing court's judgment was inadvertent (see page 3 and footnote 1 of our memorandum and order of October 26, 1962) was mistaken. From what has developed we cannot but be convinced that the actual recitation in paragraph 3 of the judgment of the committing court correctly reflects that the committing court actually had Section 4248 in mind when it rendered its judgment of May 8, 1962.

That order, being based on Section 4248, does not show on its face that the three separate conditions specified in Section 4247 were found to be present. A commitment under Section 4246 can run only "until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law". A commitment under Section 4248, on the other hand, runs "until the sanity or mental competency of the person shall be restored or until the mental condition of the person is so improved that if he be released he will not endanger the safety of the officers, the property, or other interests of the United States, or until suitable arrangements have been made for the custody and care of the prisoner by the State of his residence, whichever shall first occur". The reference by the committing court in its judgment of May 8, 1962 to the certificate of the Attorney General mentioned in the next sentence of Section 4248, and the documents now before this Court clearly show that the committing court does not intend to take any action until such a certificate is filed.

The cumulative experience of the judges of this particular District Court teaches that the officials at the Medical Center have properly and consistently exercised the authority granted them by the last sentence of Section 4248 to transfer prisoners to the proper authorities of the State of a prisoner's residence as promptly as this can be legally and safely accomplished. Such efforts, as a practical matter, require the cooperation of both the Federal and the State authorities. As this case illustrates, such effort can be rendered most difficult, if not in fact rendered impossible, if either sovereign power refuses to cooperate with the other.

In this case the United States Attorney, as we noted in our memorandum and

record shows the hearing was May 8, 1962. The Court Reporter was under statutory duty to transcribe and promptly file these proceedings with the Clerk. See 28 U.S.C. § 753, Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396 (1957). Cf. Miller v. United States, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179 (1942). See also the Memorandum of the Administrative Office for United States Courts to all Court Reporters dated January 9, 1962.

**2.** That charge is the same charge of May 3, 1961 that underlies petitioner's present detention.

order of January 2, 1963, is of the personal belief that the petitioner is "not only crazy but mean". The United States Attorney based his refusal to act upon the authority granted him to dismiss the pending Federal charges (in order to enable the proper authorities of the State of Kentucky to accept the care and custody of petitioner) on his personal conviction that the petitioner is "mentally deranged and dangerous" and that he does not personally "feel he should at this time be committed to State authorities". The United States Attorney may be entirely correct in his judgment, but the law does not authorize confinement on the basis of judgments expressed by United States Attorneys.

A Section 4248 commitment can only be made by a United States District Court and then only after the required hearing. A Section 4248 commitment, like all commitments, must rest upon an adequate factual and legal base. We believe more than ample time has been given respondent to demonstrate the legality of petitioner's confinement. We do not believe he has done so. In fact, the facts that are before this Court demonstrate the contrary.

For the reasons stated, and pursuant to the power conferred on this Court by Section 2243 of Title 28 United States Code, we grant petitioner's application for a writ of habeas corpus and direct that petitioner no longer be detained under the judgment of May 8, 1962 of the District Court of the United States for the Eastern District of Kentucky.

In order that the matter be disposed of as law and justice require, it is further ordered that the custody of petitioner be delivered to the United States Marshal for the Western District of Missouri in order that he may execute the warrant for arrest of petitioner issued by the Clerk of the United States District Court for the Eastern District of Kentucky dated February 13, 1963, and forwarded to him by the United States Marshal for the Eastern District of Kentucky.

IT IS SO ORDERED.