Roy DOUGLAS, Appellant,

v.

LaMoyne GREEN, Superintendent Marion Correctional Institution, the State of Ohio, et al., Appellees.

No. 15716.

United States Court of Appeals Sixth Circuit.

Feb. 18, 1964.

662

Roy Douglas, in pro. per.

William B. Saxbe, Atty. Gen. of Ohio, John Cianflona, Asst. Atty. Gen., Columbus, Ohio, for defendants-appellees.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

In this Declaratory Judgment action filed by appellant in the United States District Court for the Northern District of Ohio, Western Division, at Toledo, Ohio, the District Judge sustained appellees' motion to dismiss, from which order this appeal was taken. The original record was filed with the Clerk of this Court on January 14, 1964.

Appellant filed a motion in this Court on January 28, 1964, that the Clerk of the District Court be required to issue to appellant photostatic copies of all the papers sent to this Court or that he be transported under guard to Toledo, Ohio, for the purpose of copying "certain necessary papers." The motion states that the District Clerk has denied appellant's request to supply him "with copies of the necessary records."

The statutory right to proceed in forma pauperis, Section 1915(a), Title 28 United States Code, does not include the right to obtain copies of court orders without payment therefor. Hullom v. Kent, 262 F.2d 862, C.A. 6th, and cases cited therein. Section 753(f), Title 28 United States Code, deals with a copy of the transcript of evidence at Government expense, not with a copy of the record.

The motion does not specify what are the so-called "necessary papers" or why appellant needs such copies. He necessarily knows what he alleged in his complaint, even if he did not retain a copy. No evidence was heard in the District Court. The District Judge wrote an opinion in sustaining appellees' motion to dismiss, a copy of which no doubt was mailed to appellant at the time of the ruling. See: Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Miller v. United States, 317 U.S. 192, 198, 63 S.Ct. 187, 87 L.Ed. 179.

In the absence of a more specific statement of what papers he seeks copies of, and a showing of the need for such copies, the motion is denied.