UNITED STATES, Appellee

v

MICHAEL L. THOMPSON, Private First Class, U. S. Army,
Appellant

No. 26,896

UNITED STATES, Appellee

v

WILLIE S. ROGERS, Specialist Four, U. S. Army, Appellant

No. 26,897

Captain *Frank J. Sando* argued the cause for Appellants, Accused. With him on the briefs were *Colonel Arnold I. Melnick, Captain Denis E. Hynes,* and *Captain James K. Stewart.*

Captain *Robert C. Roth, Jr.,* argued the cause for Appellee, United States. With him on the briefs were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III,* and *Captain Merle F. Wilberding.*

## OPINION

QUINN, Judge:

Each of these cases presents the same question as to the effect of a summarized record of trial of a general court-martial.

A general court-martial convicted Thompson, on his plea of guilty, of five counts of attempted pandering and sentenced him to forfeiture of pay of $200 per month for 4 months and reduction to pay grade E-1. The military judge authenticated a summarized record of trial, which defense counsel "examined," without comment. On review of this record, the convening authority approved the findings of guilty and the sentence. The record was forwarded to the Judge Advocate General, as provided by Article 65(a), UCMJ, 10 USC § 865(a), and was referred by him, under the provisions of Article 69 of the Code, to the Court of Military Review. Proceeding *en banc,* all the judges of the court agreed that, by law, the record of the trial proceedings was required to be verbatim, not summarized, but they divided over the proper way to handle the error. A majority held that the error could be "purged by reducing the sentence to one which can lawfully be adjudged by a general court-

martial when a nonverbatim record is prepared;" reasoning that a nonverbatim record could be prepared if the sentence adjudged by the general court-martial did not include a discharge and did not exceed that which a special court could adjudge, Article 54(a), UCMJ, 10 USC § 854(a), it reduced the forfeitures from $200 per month to $150 per month to accomplish that result.[1] The dissenting judges were of the opinion that the only proper remedy was to return the record for preparation of a verbatim transcript of the trial of proceedings. The Acting Judge Advocate General of the Army certified the case to us to review the correctness of the disposition effected by the majority.

Rogers was convicted by a general court-martial of assault with a dangerous weapon and was sentenced to reduction to grade E-1, confinement at hard labor for 6 months, and forfeiture of $288 pay per month for 6 months. As in Thompson's case, the trial judge authenticated a summarized record of trial, which was "examined" by Rogers' civilian counsel without comment. Also, as in Thompson's case, after approval of the sentence by the convening authority, the

---

[1] The majority noted that it could also have adjusted the general court-martial sentence to conform to that of a special court-martial by reducing the reduction part of the sentence instead of the forfeiture part, but it concluded the action it took was justified by "the entire record."

Judge Advocate General submitted the record to the Court of Military Review for review. Relying upon the *en banc* decision in Thompson's case, a panel of the court reduced the amount of forfeiture from $288 to $192 to adjust the sentence to one that could have been adjudged by a special court and otherwise affirmed the action of the convening authority. The decision was certified to this Court for review.

Although the parties are agreed that in a trial by general court-martial, the record of the trial proceedings must be verbatim where the sentence adjudged by the court exceeds that which could be adjudged by a special court-martial, the nature of their respective arguments makes it worthwhile to consider first what legal requirement, if any, exists to prepare a verbatim record when trial results in findings of guilty and a sentence. In terms of constitutional right, the United States Supreme Court reviewed the matter in Miller v United States, 317 US 192, 198 (1942):

> It has become the usual, because the more convenient, method to prepare a bill of exceptions by the use of a stenographic transcript of the evidence. Even so, the bill ought not to contain all of the evidence but only that which is relevant to the issues made upon the appeal and often it is expedient and satisfactory to summarize the evidence and transmute it into narrative form. Historically a bill of exceptions does not embody a verbatim transcript of the evidence but, on the contrary, a statement with respect to the evidence adequate to present the contentions made in the appellate court. Such a bill may be prepared from notes kept by counsel, from the judge's notes, from the recollection of witnesses as to what occurred at the trial, and, in short, from any and all sources which will contribute to a veracious account of the trial judge's action and the basis on which his ruling was invoked.

More recently, the Supreme Court has determined that destitute defendants "must be afforded as adequate appellate review as defendants who have money enough to buy transcripts" of the record. Griffin v Illinois, 351 US 12, 19 (1956). As a result, in cases in which the Government allows appeal from a conviction, it must furnish an indigent accused with a transcript of the trial proceedings for his use on appeal. The transcript, regarded by the Supreme Court as constitutionally adequate, is not a verbatim transcript but one of "sufficient completeness" to allow proper consideration of what transpired at trial. Coppedge v United States, 369 US 438, 446 (1962). In Draper v Washington, 372 US 487, 495-96 (1963), recently reaffirmed in Mayer v Chicago, 404 US 189 (1971), the Court said:

> Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review. In all cases the

duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a non-indigent defendant with similar contentions. (Footnote omitted.)

■ From the foregoing, it is apparent that there is no constitutional right to a verbatim transcript of the trial proceedings for review of a conviction. The requirement for a verbatim transcript must, therefore, be traced to the Uniform Code of Military Justice and authorized supplementary regulations.

The Uniform Code provides for three types of courts-martial, the general court, the special court, and the summary court. The record of trial of each is subject to review. See Moyer, *Procedural Rights of the Military Accused: Advantages Over a Civilian Defendant,* 22 Maine L Rev 105, 127–129 (1970). However, there are differences in the manner of recording the proceedings at trial and in the form of the record prepared for review. As perceived in the Manual for Courts-Martial, United States, 1969 (Rev.), the "principal distinction" is that a "verbatim recording of the trial" is "required [by law] in every general court-martial, whereas . . . [it is] not mandatory in all special courts-martial" and never required, by law, in any summary court-martial. MCM, paragraphs 78 and 79*e.* The fountainhead for these differences is Article 28 of the Uniform Code.

■ Article 28 directs that "under such regulations" as the Secretary of each service may prescribe, the convening authority of a court-martial "shall detail" a qualified reporter who "shall record the proceedings of and testimony taken before that court" to which he is detailed.[2] The Secretary of the Army has limited the statutory directive to detail a reporter to every court-martial by with-

holding authority to detail a reporter for a summary court-martial and by restricting exercise of the authority for special courts-martial to convening authorities empowered to convene general courts-martial. Army Regulation 27-10, Military Justice, paragraph 2-21. Consequently, the only court-martial to which a reporter must always be detailed is a general court.

■ Detail of a reporter for a trial implies that the proceedings will be recorded verbatim. The implication is strengthened by other articles of the Code, such as Article 29(c) which authorizes continuation of trial before a special court-martial in which the membership of the court has changed if "a verbatim record of the evidence previously introduced" can be read to the new members. The Manual's delineation of the reporter's function makes the matter explicit. It is, says the Manual, "the duty of the reporter to include in the record everything which is said or takes place in open sessions" of the court. MCM, paragraph 49. Indisputably, therefore, the agreement of the parties that trial proceedings of a general court-martial must be verbatim is well-founded. Here, each of the records of trial indicates that a reporter was detailed to the court, and it is reasonably inferable that the trial proceedings were, in fact, recorded verbatim.

■ Verbatim recording of the trial proceedings does not necessarily require preparation of a verbatim transcript for inclusion in the record for review. If the accused, for example, had been charged with larceny and unauthorized absence from his unit and was acquitted of the larceny but convicted of the absence, common sense suggests that the evidence pertaining to the larceny could properly be omitted without any risk of harm to the accused or the government. Similarly, it would be sensible to dispense with a verbatim transcript if the results of trial, as they affect the accused or the government, are so diminutive as not to justify the time, the effort, and the ex-

---

[2] Article 28 appears to apply to the convening authority of each of the three types of court-martial. However, paragraph 7, MCM, imposes limitations other than those that may be prescribed by the Secretary of a service. Whether these limitations are consistent with Article 28 need not be decided.

pense incident to preparation of such a transcript. It is not surprising to find, therefore, that the Uniform Code and the Manual attempt to correlate the record of the trial proceedings with the results of trial. As regards a general court-martial, the Code and Manual authorize less than a verbatim transcript of the trial proceedings for inclusion in the record for review in three instances:

1. If the trial was "terminated prior to findings with prejudice to the government," the transcript "need only contain sufficient information to establish lawful jurisdiction." MCM, paragraph 82*b.*

2. If the trial "resulted in an acquittal of all charges and specifications," the transcript is similarly limited to information as to jurisdiction. Article 54(a), UCMJ; paragraph 82*b,* MCM.

3. If the sentence adjudged by the court-martial does not include a discharge and is "not in excess of that which can otherwise be adjudged by a special court-martial," Article 54(a), UCMJ, the transcript need only contain a summarized report of the trial proceedings. MCM, paragraphs 82*b* and 83*b.*

As these cases do not come within the listed categories, a verbatim transcript of the trial proceedings should have been included in the record for review in each case. What then is the consequence of the error?

A majority of the Court of Military Review perceived such similarity between the error here with the error we considered in United States v Whitman, 3 USCMA 179, 11 CMR 179 (1953), that it concluded that, as in *Whitman,* the error could be cured by reduction in the sentence adjudged by the court-martial. Although the *Whitman* error is different from the error here, *Whitman* does provide a guideline to the result.

In *Whitman,* the accused was convicted by a special court-martial for possession and sale of narcotics. He was sentenced to a bad-conduct discharge, a period of confinement, and partial forfeiture of pay. The transcript of trial was partly verbatim and partly narrative summary. The question presented for

review was whether that kind of record could support the imposition of a bad-conduct discharge. We held that it could not. We reached that conclusion by considering, as we later explained in United States v Nelson, 3 USCMA 482, 486, 13 CMR 38, 42 (1953), the special court's "power to adjudge a punitive discharge," not the effect of an error as to the kind of transcript included in the record for review. Our consideration of the special court's sentence power began with the provision of Article 19 that a bad-conduct discharge "may not be adjudged unless a complete record of the proceedings and testimony has been made." Recognizing that a "complete record" did not necessarily mean a verbatim record, we analyzed relevant provisions in the Manual for Courts-Martial and concluded that Article 19 contemplated that a punitive discharge could not stand "without the support of a verbatim record." 3 USCMA at 181, 11 CMR at 181. *Whitman* thus dealt with the lack of power on the part of the court-martial to impose the sentence it did. In these cases, the power of a general court-martial to impose a sentence of the kind imposed on each accused is unassailable; what is at issue is the effect of inclusion in the record for review of the court's action of a summarized account of the trial instead of the required verbatim transcript.

■ As observed earlier, the record indicates that a reporter was detailed to the court, and the fair inference is that the trial proceedings were recorded verbatim. Since trial counsel is required to retain the stenographic transcript until completion of appellate review (AR 27-10, paragraph 2-6), it is likely that in these cases, unlike *Whitman,* a verbatim transcript is obtainable. Certainly, the Court of Military Review could have returned the appellate record for inclusion of a verbatim transcript. The dissenting members believed that remand for that purpose was the only course that would comply with law and assure proper review. The majority of the court, however, adopted the "pragmatic solution" of reducing the sentence adjudged by the court to a level that legally allowed review on a summarized transcript.

■ A summarized account of the trial is constitutionally allowable and judicially sanctioned. It is now, and always has been, an approved form of record for review of a summary court conviction and for the special court case in which a bad-conduct discharge is not adjudged.[3] It is in the acceptance of this principle that *Whitman* is instructive. Under Article 54(b) of the Uniform Code, and the Manual, a summarized account is also approved for the record for review in certain general court-martial cases. These cases do not fall within that group, but that fact does not invalidate the findings or the legality of the sentence. It is not contended that the summarized records are inadequate to permit informed review, and scrutiny of them convincingly indicates that aside from the provisions of Article 54(b) they are of "sufficient completeness" to meet the general standard for review. *Cf.* United States v Boxdale, 22 USCMA 414, 47 CMR 351 (1973).

■ Verbatim recording of the trial proceedings is also required in the federal criminal courts. 28 USC 753(b) (1965). Considering the effect of a transcript that was not verbatim but was sufficiently complete as not to frustrate "a fair review upon appeal," the Court of Appeals for the District of Columbia Circuit has held that the failure to comply with the statutory requirement did not constitute reversible error. United States v Robinson, 459 F2d 1164 (DC Cir 1972). In the interest of conserving judicial time and effort, an appellate court can remedy an obvious defect in the record without remand if its action does not disadvantage the accused or the government. United States v Cox, 22 USCMA 69, 46 CMR 69 (1972). Reduction of the adjudged sentence to that which a special court-martial could have imposed could only benefit the accused. If the case were remanded for inclusion of a verbatim transcript, he would be subject to the larger sentence adjudged at trial. *Cf.* United States v Nelson, supra. As for the government, the total monetary difference resulting from the determination of the Court of Military Review was $32 in Thompson's case and $576 in Rogers' case. While the latter amount is substantial the Court of Military Review could, on the basis of its judicial experience, reasonably conclude, as it apparently did, that, in relation to the cost, in money and time, to obtain a verbatim transcript, this amount was so small it could be disregarded without prejudice to the government. We answer in the affirmative the certified question which asks whether the error "may be cured by a sentence reassessment and approval of a sentence no greater than that which could be adjudged in a special court-martial," and we affirm the decision of the Court of Military Review in each case.

Chief Judge DARDEN concurs in the result.

Judge DUNCAN concurs in the result.

---

[3] The adequacy of the summarization suggested for a summary court-martial may be open to question. See MCM, paragraph 79e, Appendix 11; *Cf.* MCM, paragraph 87a(3). That defect does not, however, impugn the concept of appellate review of a conviction upon the basis of a summarized record.