48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara SCHWARZ, Plaintiff-Appellant,
v.
INTERPOL, OFFICE OF INFORMATION AND PRIVACY and Executive
Office of United States Attorneys, Defendants-Appellees.
 Nos. 94-4111, 94-4142.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 Appeal No. 94-4111
 
 2
 Barbara Schwarz appeals pro se a district court ruling granting summary judgment to defendants. Ms. Schwarz had filed requests with defendants under the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, seeking information concerning the whereabouts of her alleged husband, Mark Rathbun. The Executive Office for United States Attorneys (EOUSA) responded that it could locate no records pertaining to Mr. Rathbun. Defendant Interpol refused to confirm or deny the existence of any records responsive to Ms. Schwartz's request for Mr. Rathbun's records because she did not provide Mr. Rathbun's written consent to the release of any such records.
 
 
 3
 Ms. Schwarz appeared pro se in the district court, alleging that the EOUSA officials lied when they stated they had no records responding to her request, and that neither the EOUSA nor Interpol had any legal ground for denying her the information she sought. She further alleged a conspiracy between defendants to deprive her and her husband of their constitutional rights. The district court granted defendants' motion for summary judgment, concluding that Ms. Schwarz had "failed in her shifted burden of proof to establish that she is entitled to the relief requested." Rec., vol. I, doc. 64.
 
 
 4
 On appeal from a grant of summary judgment, we must view the record in the light most favorable to the nonmoving party. Summary judgment may nonetheless be available to a FOIA defendant when the agency offers adequate affidavits establishing that it has complied with its FOIA obligations. See Miller v. United States Dep't of State, 779 F.2d 1378, 1382-83 (8th Cir.1985). When the agency has provided such affidavits, the nonmoving party must either produce evidence contradicting the adequacy of the agency's search or evidence of the agency's bad faith. Id. at 1384. The nonmoving party may not "rest on mere allegations or denials of pleadings; she must, by affidavit or other appropriate means, set forth specific facts establishing the existence of a genuine issue for trial or at the least showing why she cannot do so." Weber v. Coney, 642 F.2d 91, 94 (5th Cir. Unit A 1981)(per curiam); see also Wren v. Heckler, 744 F.2d 86, 90 (10th Cir.1984). Here, the EOUSA provided an adequate affidavit and other material showing that the agency had conducted a reasonable search and had found no records responsive to Ms. Schwarz' request. Ms. Schwarz responded with only bare allegations. Summary judgment for EOUSA was therefore proper.
 
 
 5
 We next consider Ms. Schwarz' request that Interpol release to her its file, if any, on Mark Rathbun.[2] In refusing to confirm or deny the existence of this file, Interpol relied on 5 U.S.C. 552a(b), which prohibits disclosure of "any record which is contained in a system of records by any means of communication to any person, ... except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." This provision contains twelve exceptions,[3] one of which allows disclosure if it is required under 5 U.S.C. 552. Section 552(b) exempts from disclosure, inter alia, records and information compiled for law enforcement purposes if production "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id. at 552(b)(7)(C).
 
 
 6
 In considering the applicability of this exception, we must balance the privacy interest at issue against the public interest in the release of this file. See United States Dep't of Justice v. Reporters Comm., 489 U.S. 749, 762 (1989). The privacy interest protected encompasses an individual's interest in avoiding disclosure of personal matters, and in controlling the dissemination of information concerning his person to others. Id. at 762-64 & nn. 15 & 16. The disclosure of a document may warrant an invasion of this privacy interest when it opens agency action up to public scrutiny and "sheds light on an agency's performance of its statutory duties." Id. at 772-73. Mark Rathbun clearly has a protected privacy interest in avoiding disclosure of his whereabouts to third parties. Moreover, we do not see how disclosure of this information would contribute anything to the public's understanding of the operations or activities of the government. Accordingly, summary judgment was properly granted for defendant Interpol.
 
 Appeal No. 94-4142
 
 7
 Ms. Schwarz moved the district court for a free certified copy of the entire record in this case. The district court provided Ms. Schwarz with certified copies of the docket sheet and all orders and judgments contained in the file. However, the court denied her motion for free certified copies of every document in the file, observing that these documents had been previously served on her and that she had not made a satisfactory showing of need. On appeal, Ms. Schwarz alleges that she needs certified copies because she wants to use them in further litigation in another forum, and because she wants to document the case to the media, civil rights groups, attorneys, and judges of her choice.
 
 
 8
 The statute providing for proceedings in forma pauperis authorizes the court to "direct payment by the United States of the expenses of ... printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court." 28 U.S.C.1915(b)(1). Although this statute thus relieves the litigant of the cost of preparing the record on appeal, it does not grant the court the authority to provide an indigent litigant with certified copies of all documents in the record. See Douglas v. Green, 327 F.2d 661, 662 (6th Cir.) (per curiam)(statutory right to proceed in forma pauperis does not include right to free copies of court orders), cert. denied, 379 U.S. 862 (1964); Hullom v. Kent, 262 F.2d 862, 863-64 (6th Cir.1959)(same, citing cases). Litigants proceeding in forma pauperis are entitled to fees for transcripts under 28 U.S.C. 753(f). That statute likewise does not provide authority for providing such litigants with a free copy of the entire record. See Douglas, 327 F.2d at 662. We therefore affirm the district court's denial of Ms. Schwarz' motion for a certified copy of her record.[4]
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Interpol informed Ms. Schwarz that it had a file on her and released to her 10 of the 23 pages in that file responsive to her request. Interpol further informed Ms. Schwarz that it had deleted portions of the released pages and had withheld the remaining pages pursuant to 5 U.S.C. 522(b)(2), which exempts the release of material related solely to an agency's internal practices, 5 U.S.C. 522(b)(7)(c), which exempts the release of information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of privacy, and 5 U.S.C. 552(b)(7)(D), which exempts such information if it would disclose the identity of a confidential source. The thrust of Ms. Schwarz pro se appeal is directed to the release of Mr. Rathbun's records and we therefore do not consider Interpol's treatment of Ms. Schwarz' file per se except to the extent that Ms. Schwarz challenges the deletions in her own file that would reveal the whereabouts of Mark Rathbun. Our discussion in text of the exemption from disclosure to prevent an unwarranted invasion of personal privacy is dispositive of this matter
 Ms. Schwarz contends on appeal that her file contains inaccurate information and that Interpol has no right to keep a file on her at all. The district court has no jurisdiction under FOIA to redress these claims. Section 552(a)(4)(B), provides that a district court only "has jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld."
 
 
 [3]
 Although disclosure to third parties is prohibited by 5 U.S.C. 552a(b) unless one of the twelve exceptions listed therein applies, Ms. Schwarz has not articulated on appeal which of the exceptions she is relying upon. Section 552a(b)(8) allows disclosure "to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual." Ms. Schwarz has alleged that Mark Rathbun is in danger and that she could help him if she knew where he was. However, she has offered no evidence other than her own allegations to support these assertions. We do not believe unsubstantiated allegations alone constitute a "showing of compelling circumstances" within the meaning of this provision. Thus in our view the only arguably applicable exception is that set out in section 552a(b)(2), which provides for third party disclosure when it is required by section 552. As we discuss in text, however, we conclude that the records here, if any, are exempt from disclosure under section 552 pursuant to section 552(b)(7)(C)
 
 
 [4]
 Ms. Schwarz has filed several motions with this court. Her motion to proceed in forma pauperis is granted. Her motion to receive free certified copies of all papers regarding her appeal is denied. As discussed in text, Ms. Schwarz is not entitled to such copies by virtue of her in forma pauperis status. We deny the remaining motions as rendered moot by our affirmance of the district court's rulings
 To the extent that Ms. Schwarz appeals the trial court's refusal to recuse, we affirm. Ms. Schwarz believes that the district judge was biased because he did not rule in her favor. "[A] motion to recuse cannot be based solely on adverse rulings." Willner v. University of Kansas, 848 F.2d 1023, 1028 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989).
 The defendants' motion to dismiss the appeal in No 94-4142 is denied.