# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41089
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAYNE ROSS MAITLAND,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CR-116-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Wayne Ross Maitland challenges the sufficiency of the evidence to support his conviction for kidnapping his infant stepson, CW, based on which the district court sentenced him to the statutory minimum of 20 years of imprisonment. *See* 18 U.S.C. § 1201(a)(1), (g). Maitland contends that the government failed to prove beyond a reasonable doubt that he was not acting in loco parentis when he drove CW from Texas to Louisiana. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that he was acting in loco parentis and was therefore exempt from prosecution for kidnapping under § 1201.  Although the parties disagree as to the applicable standard of review, we need not resolve that conflict because we conclude that the evidence is sufficient to sustain Maitland's conviction under the ordinary "rational jury" standard.  *See United States v. Rodriguez*, 553 F.3d 380, 389 (5th Cir. 2008).

Section 1201 exempts from prosecution a parent who "seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away" his own minor child.  *See* § 1201(a).  We have not yet decided whether someone who is not a biological parent of the victim but who is acting in loco parentis is similarly exempted from prosecution, although two other circuits have answered that question in the affirmative.  *See United States v. Floyd*, 81 F.3d 1517, 1522-25 (10th Cir. 1996); *Miller v. United States*, 123 F.2d 715, 716-18 (8th Cir. 1941), *rev'd on other grounds*, 317 U.S. 192 (1942).

Assuming without deciding that the in loco parentis doctrine applies, we conclude that the jury's verdict was rational.  *See Rodriguez*, 553 F.3d at 389. A person acts in loco parentis when he or she "voluntarily performs all of the duties a parent normally provides to his or her child," which includes "bestowing upon the child love, affection, support, maintenance, instruction, discipline, and guidance." *Floyd*, 81 F.3d at 1523-24.

Maitland and CW's mother, CH, gave competing testimony about the extent to which Maitland functioned as a parent toward CW before and during the offense.  The jury evidently chose to believe CH, and we will not second-guess that decision.  *See United States v. Kuhrt*, 788 F.3d 403, 413 (5th Cir. 2015), *cert. denied sub nom. Lopez v. United States*, 136 S. Ct. 1376 (2016).  The jury heard evidence that Maitland had no custodial rights to CW, could only have access to CW with CH's permission, and had no final say on childrearing

decisions. At the time of the offense, Maitland and CH were separated and had begun the divorce process, and Maitland no longer lived with CH or CW. Maitland drove CW to Louisiana and left him outside a hospital in the middle of a cold night then returned to Texas alone. Immediately before driving away, Maitland told CH, "I've got *your* son now."

Viewing the evidence and the inferences drawn from it in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Maitland was not acting in a parental capacity at the time he carried CW away. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Rodriguez*, 553 F.3d at 389.

AFFIRMED.