STATE *ex rel. et al. v.* TENNESSEE FINANCE Co. *et al.*\*

(*Nashville.* December Term, 1924.)

1. **PAWNBROKERS AND MONEY LENDERS.** Company taking assignments of wages held loan agent and not dealer in securities, within revenue acts.

    Company engaged in buying or acquiring by assignment claims for wages *held* in effect engaged in business of making loans at excessive rates, within provisions of revenue acts, and not mere dealer in securities. (*Post, p.* 42.)

2. **PAWNBROKERS AND MONEY LENDERS.** Forms of transactions disregarded in determining liability for tax.

    Forms of transactions between money lender and borrower will be disregarded in determining lender's taxability under revenue laws. (*Post, p.* 42.)

    Case cited and approved: McWhite v. State, 143 Tenn., 222.

3. **PAWNBROKERS AND MONEY LENDERS.** Allegation defendant engaged in occupation made privilege sufficient, without further description of transactions.

(40)

State ex rel. v. Tenn. Finance Co.

In suit under revenue acts to recover privilege tax of one engaged in business of making loans at excessive rates, it is necessary only to allege that defendant is engaged in or pursuing occupation made privilege by act, and not necessary to allege details of transaction, as in suit to recover usury. (*Post, p.* 43.)

4. PAWNBROKERS AND MONEY LENDERS. Proof of collection of excess interest not necessary to make out case of doing business.

In suit under revenue act to recover privilege tax of one engaged in business of making loans at excessive rate, it is not necessary to make proof of specific collections of excess interest in order to make out case of doing business. (*Post, p.* 43.)

5. PAWNBROKERS AND MONEY LENDERS. Money lenders obtaining license as security dealers not entitled to credit therefor on tax on loan agents.

Defendants, in suit under revenue act to recover privilege tax imposed on loan agents engaged in business of making loans at excessive rates, who had procured licenses as security dealers, *held* not in position to demand credit for amount so paid for such licenses. (*Post, p.* 43.)

Cases cited and approved: McFerrin v. Woods, 62 Tenn., 242; Trentham v. Moore, 111 Tenn., 353.

6. STATUTES. Thot amendatory act contained incorrect reference to pages and paragraphs of amended act held innocuous.

That act of 1921, amendatory of Revenue Act 1919, incorrectly referred to pages and paragraphs of 1919 act, *held* innocuous. (*Post, p.* 44.)

7. CONSTITUTIONAL LAW. Pawnbrokers and money lenders. Exclusion of banks from act regulatory of money lenders held not unconstitutional.

Exclusion of banks from purview of revenue act, imposing tax on business of making loans at excessive rates, *held* not such arbitrary or capricious discrimination as to be violative of Constitution. (*Post, p.* 44.)

8. TAXATION. Legislature has wide range of discretion in matter of classification under revenue statutes.

Legislature has wide range of discretion in matter of classification under revenue statutes. (*Post*, *p*. 44.)

.Cases cited and approved: State v. McKay, 137 Tenn., 280; Memphis v. State ex rel., 133 Tenn., 83.

_*Headnotes 1. Licenses, 37 C. J., Section 73; 2. Licenses, 37 C. J. Section 73; 3. Licenses, 37 C. J., Section 125; 4. Licenses, 37 C. J., Section 125; 5. Licenses, 37 C. J., Section 116 (1926 Anno); 6. Statutes, 36 Cyc., p. 1067; 7. Licenses, 37 C. J., Section 53; 8. Licenses, 37 C. J., Section 69.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. John R. Aust, Chancellor.

Seth M. Walker and Lurton Goodpasture, for relator.

H. H. Barr, A. J. Grigsby, Jr., C. H. Rutherford and J. G. Lackey, for defendants.

Mr. Justice Chambliss delivered the opinion of the Court.

This was a suit to recover privilege taxes for the years 1918 to 1921, inclusive. While defendants had paid for and procured licenses as security dealers for these years, the chancellor found that they were engaged in the business of loan agents, at the excess rates which call for the payment of certain privilege taxes prescribed by the revenue acts.

Appealing, numerous errors are assigned. On the merits it is insisted that the business conducted was that of dealing in securities only, and not loaning money, in

that it consisted only of buying or acquiring by assignments claims of various customers, being mainly railroad employees, for wages.  The record discloses that the transactions are of practically the identical class described, and dealt with in *McWhite* v. *State,* 143 Tenn., 222, 226 S. W., 542, and this case on the merits is ruled by that decision.  We approve and apply the reasoning of Chief Justice GREEN in that case.  The court looks through the form to the effect and substance of such transactions.

Nor are the assignments to the action of the chancellor in overruling the second, fourth, and fifth grounds of demurrer well taken.  This is not a suit to recover usury, and is not controlled by *McFerrin* v. *Woods,* 3 Baxt., 242, relied on for appellants.  It was necessary only to allege generally that defendants were engaged in or pursuing the occupation made a privilege by the act.  There can be no doubt that the pleadings sufficiently charge this fact.  Nor was it necessary to make proof of specific collections of excess interest in order to make out a case of doing business.  A few transactions only were sufficient. Indeed, a single transaction may under certain circumstances constitute conclusive evidence that a party is engaged in a business made a privilege.  *Trentham* v. *Moore,* 111 Tenn., at page 353, 76 S. W., 904.

We are not of opinion that defendants are in position to demand a credit of the amounts paid by them for licenses as security dealers.  The two privileges are distinct, and the licenses issued protected defendants in the doing of the business thereby covered only.  Moreover, it is probable that the stipulation of counsel appearing in the record precludes the contention that the licenses

issued were intended·to cover, or did cover, the business of loan agents at excess rates.

We have carefully considered the assignments challenging the constitutionality of the acts. The incorrect references to pages or paragraphs of the act of 1919 in the amendatory act of 1921 are innocuous. The caption of the amended act was expressly referred to in the amendatory act. We think it apparent that the constitutional requirement was complied with. Nor is the exclusion of banks complained of such arbitrary and capricious discrimination as to be violative of the pertinent section of the Constitution. A very wide range of discretion is vested in the legislature in the matter of classification under revenue statutes. See the recent expressions of this court in *State* v. *McKay,* 137 Tenn., 280, 193 S. W., 99, Ann. Cas., 1917E, 158, and *Memphis* v. *State ex rel.,* 133 Tenn., 83, 179 S. W., 631, L. R. A., 1916B, 1151, Ann. Cas., 1917C, 1056. Reasons readily occur for the particular exclusion in the instant case, some of which are well stated in the opinion of the learned chancellor. The foregoing are substantially the questions presented on this appeal. It results from the conclusions reached that the decree of the chancellor must be affirmed.