Jesse A. Bland Co., Inc.

*v.*

Knox Concrete Products, Inc.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

ELY & ELY, Knoxville, for plaintiff in error.

HODGES, DOUGHTY & CARSON, and DONALDSON, MONT-GOMERY & KENNERLY, Knoxville, for defendant in error.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is an appeal by the plaintiff from a judgment of the Circuit Court dismissing its suit upon a stipulation of facts on a preliminary hearing, which questioned the right of plaintiff to maintain its suit.

The sole question involved is whether the suit can be maintained in the name of the corporation or whether it should have been filed by the heirs of Jesse A. Bland.

It appears that there was a corporation "Jesse A. Bland Co., Inc.," in which the said Jesse A. Bland was the only stockholder.

It further appears that the State revoked plaintiff's charter for the plaintiff's failure to file corporate reports and to pay taxes required by Tennessee Statutes Section 67-2925, T.C.A.

The declaration averred that Jesse A. Bland died intestate in March, 1956; that he and the plaintiff, company, owned certain real and personal property located in Knox County; that a lease had been executed to the defendant corporation for a portion of the building in which the plaintiff corporation had a large amount of personal property stored; that on or about the 20th of June, 1956, the building leased by the defendant caught fire and destroyed the building as well as the personal property belonging to the plaintiff; that the fire was a result of the negligence of the employees of the defendant and asked for damages in the sum of $100,000.00, and the declaration also charged a breach of fire regulations and asked for punitive damages, and in the fifth count sought to recover the unpaid rent for the remainder of the term of the lease.

The question submitted to the Circuit Judge was whether or not the plaintiff corporation had a sufficient corporate existence at the time of the fire to entitle the plaintiff to maintain the suit and whether or not the plaintiff owned such an interest in the real and personal property that would entitle it to maintain the action.

Jesse Bland died intestate in 1956 and was survived by Grace Bland as his sole heir and next of kin.

For tax purposes the inheritance tax return treated the property of the corporation both real and personal as the individual property of Jesse A. Bland.

The defendant takes the position that there was no corporation in existence at the time of the fire because the charter had been revoked some seven years prior to the fire.

After the plaintiff's charter was revoked in 1949 the plaintiff could maintain this suit only if an applicable Tennessee statute allowed a corporation to sue as a corporation subsequent to the revocation of its charter. It seems that the rule in Tennessee is that where the existence of a corporation terminates, it cannot thereafter either maintain pending suits to which it is a party or bring new suits in the name of the corporation. *State v. Bank of Tennessee,* 64 Tenn. 101; *Rogersville & Jefferson R. Co. v. Kyle,* 77 Tenn. 691; 13 Am.Jur. 1199-1200, Corporations, Section 1354.

Plaintiff concedes that it can maintain this suit only if a statute gives the right to sue to a corporation whose charter has been forfeited, since no such right existed at common law. It appears that no Tennessee statute authorizes the plaintiff to maintain the present suit.

The plaintiff cites Sections 1493 to 1496 of the 1858 Code as continuing the existence of a corporation for five years after the forfeiture of the charter, after which it is stated that no time limitation for winding up the affairs of a corporation was included in Sections 2071 to 2075 of Shannon's Code and Section 3757 of the 1932 Code.

■ Plaintiff's reliance is placed upon Section 48-110, T.C.A., precluding collateral attack upon the existence of a defectively organized corporation so that the provisions thereof do not apply to a situation wherein the termination or forfeiture of the charter of a properly organized corporation is involved.

The plaintiff also contends that Chapter 197 of the Acts of 1887 provides for the extension of five years within which to wind up the corporate business. That this section has been carried into the 1932 Code and our present Tennessee Annotated Code.

We think that Chapter 197 of the Acts of 1887 show that this Chapter merely authorized a corporation whose existence had theretofore been continued for five years for the purpose of winding up its affairs, to carry on or continue its business for such five-year period.

The plaintiff also relies upon Section 48-516, T.C.A., as authorizing the maintenance of the present suit. However, this Section continues the existence of a corporation only when such existence is being terminated by voluntary dissolution thereof or by the expiration of the period fixed for the existence of such a corporation.

■ Furthermore, this section allows only suits that are necessary and proper in order to effect a settlement of the affairs of the corporation being dissolved, so this section could in no event be construed as authorizing a

suit for damages to property formerly belonging to the corporation where such suit is brought more than seven years after the termination of the corporation's right to exist.

 It is also insisted by the plaintiff that under Section 48-711, T.C.A. that the defendant is prevented from questioning the plaintiff's corporate existence. We think that this Code Section is limited to defects in the procedure relating to the original organization of a corporation and has no application to a corporation whose charter has been forfeited. *Eastern Products Corp. v. Tenn. Coal, Iron & R. Co.*, 151 Tenn. 239, 269 S.W. 4, 40 A.L.R. 1483.

The lease of this property by Jesse A. Bland individually even though the registered record title was in the name of the plaintiff corporation, was consistent with Jesse Bland's actions after 1949 in treating the plaintiff corporation as non-existent and in considering all business done in its name as being his own personal business and in considering all of the property that was in the name of or formerly belonged to the corporation as being Jesse Bland's individually owned property.

In fact all of the property belonging to the plaintiff corporation when its charter was forfeited in 1949 automatically became the property of Jesse A. Bland, individually, since Jesse A. Bland was the sole stockholder of the corporation.

 When the charter of the plaintiff corporation was forfeited and there was no statute continuing the existence of the corporation following such forfeiture, the property of the defunct corporation passed to Jesse A. Bland as the sole stockholder, who thereafter owned such property subject to the claims of any outstanding credi-

tors of the defunct corporation. *State v. Bank of Tennessee,* supra, and *Rogersville & Jefferson R. Co. v. Kyle,* supra.

We are of the opinion that at the time this suit was instituted, December 7, 1956, and at the time of the fire, June 20, 1956, the plaintiff Jesse A. Bland Company, Incorporated, had and possessed no corporate existence sufficient to entitle the plaintiff to maintain such suit, and that the plaintiff corporation neither owned nor had such an interest in the real and/or personal property, subject of said suit, so as to entitle the plaintiff corporation to maintain this action for damages to said property.

We are further of the opinion that from and after the revocation of said corporate charter on March 4, 1949, the plaintiff corporation, under the pertinent statutes of this State, had only a reasonable time to wind up the present affairs and business of the corporation in accordance with the applicable statutes, and that under the facts as stipulated here the seven years time elapsed in this case under these facts is not reasonable and not within the contemplation of the statutes.

We are further of the opinion that the property of the corporation after its dissolution passed to its stockholder or stockholders and that any suit for destruction, loss or damage belonged to said stockholder or stockholders individually, which results in there being no property rights or resulting right of action remaining in plaintiff corporation over seven years after its dissolution.

It therefore results that we find no error in the judgment of the lower court and it is affirmed.