UNITED STATES of America, for the Use and Benefit of AIR COMFORT, INC., Plaintiff and Cross-Defendant Appellee,

v.

JONES COAL COMPANY, Defendant and Cross-Plaintiff Appellant.

No. 15517.

United States Court of Appeals Sixth Circuit.

Dec. 20, 1963.

Sizer Chambliss, Chattanooga, Tenn., for defendant & cross-plaintiff appellant.

Richard P. Jahn, Swafford, Jahn & Taylor, Chattanooga, Tenn., for plaintiff & cross-defendant appellee.

Before CECIL and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Appellee has filed a motion, supported by affidavits, to dismiss the above appeal on the ground that no proper transcript of the evidence has been included in the record on appeal, and that the questions raised by appellant in its brief cannot be resolved without such a transcript. In the alternative, appellee also moved that the case be remanded to the District Court for preparation of a proper transcript, at the expense of appellant; that, for this purpose, the Clerk of this Court be directed to return to the Clerk of the District Court, the original record in the case; that appellee be furnished a copy of such proper transcript, or given access thereto, for the preparation of its appendix; and that an order be entered extending the time for the filing of appellee's brief and appendix. Other grounds set forth in the motion are not necessary to consider.

The transcript of the evidence is not properly before this Court. It appears that the official court reporter, who acted as such during the trial, died shortly thereafter, and prior to the time when appellant filed a motion for a new trial. This motion was subsequently denied; and judgment was entered on the findings of fact and conclusions of law of the District Court.

Notice of appeal from the judgment was duly filed by appellant, whose counsel thereafter employed Patricia M. Howell, a public stenographer, to transcribe cer-

tain portions of the testimony at the trial of the above cause, having advised her that the official court reporter had died since the trial. In the affidavit of Miss Howell, appended to appellee's motion, she stated that, in undertaking the transcription of the testimony, she was presented with certain phonographic-type discs from a recording machine, which counsel for appellant informed her were the actual recordings made by the official court reporter at the trial; that she was requested to transcribe to the best of her ability those portions of the recordings which, in her opinion, pertained to certain stipulated issues at the trial; that she thereupon transcribed approximately 300 pages which, in her judgment, constituted approximately one-half of the record in the case based upon the number of phonographic discs submitted to her; and she stated that she still has the discs in her possession. In her affidavit, Miss Howell set forth that she was informed by counsel for appellant that there were certain shorthand notes recorded by the deceased court reporter by the Pitman shorthand system, in connection with the recordings; but she states that she was unable to read these shorthand notes, since she had been trained under the Gregg system. In her affidavit, Miss Howell further stated that she appended a certificate to the excerpts she made of the various recordings to the effect that what she had transcribed had been taken from the recorded discs and not from any notes. There was, of course, no official certificate to the single copy of the portions of the evidence which she endeavored to make and which she delivered to appellant's counsel. In the opinion of Miss Howell, according to her affidavit, it would be possible, with the aid of someone trained to read Pitman shorthand notes, and having the benefit of the actual record made at the trial, to transcribe accurately the testimony in question. All of the foregoing was set forth in the affidavit of Miss Howell, which was filed by the attorney for appellee in support of his motion to dismiss the appeal.

Counsel for appellant, in opposition to the motion to dismiss the appeal, filed a brief and also a motion to remand the case for a new trial, attaching to his motion the affidavit of the present official court reporter, who stated that he had been trained in the Pitman shorthand system; that he had listened to portions of the record taken by the former official court reporter, and had also inspected his notes; that he could not, and does not believe any court reporter could, make an accurate transcription of the evidence taken at the trial of the case from such notes and records.

The testimony, as transcribed by Miss Howell from the disc recordings, aggregates 346 typewritten pages, and discloses what appears to be an intelligible transcript of the testimony. There are a number of blank spaces in the transcription of the questions and answers, and, in many instances the notation is made by Miss Howell, in the place of answers of witnesses: "Not distinguishable." The transcript shows that questions addressed by counsel to a witness, include the admonition: "Speak out a little louder, please," and the Trial Court's remarks: "I can't hear a word you are saying." However, while the transcript seems intelligible, it, of course, may not be accurate; and while they do not seem of controlling importance, the deficiencies in missing phrases or sentences may, nevertheless, require revision, or addition to the transcript, as hereinafter set forth.

It is to be noted that the counsel who tried the case for appellant, and directed the preparation of the transcript by Miss Howell, are no longer counsel for appellant, having been permitted to withdraw from the case by order of the District Court on April 23, 1963.

We have, then, before us the question of the proper procedure to be followed where the death of a court reporter occurs before transcription or completion of his notes or record for preparation of the record on appeal. "We do not believe that the matter should be determined by any hard rigid rule. The trial court

should have the power to determine if the court reporter's notes, whether or not mechanical, are in such form that they can be accurately transcribed by a successor and, if they are, to authorize the use of a transcript prepared by the successor; otherwise not." Moore's Federal Practice, Vol. 7, page 3633, Note 4.

Rule 75(h) of the Federal Rules of Civil Procedure provides: *"Power of Court to Correct or Modify Record.* It is not necessary for the record on appeal to be approved by the district court or judge thereof except as provided in subdivisions (m) and (n) of this rule and in Rule 76, but, if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court. All other questions as to the content and form of the record shall be presented to the court of appeals."

Rule 75(n) of the Federal Rules of Civil Procedure provides: *"Appeals When No Stenographic Report Was Made.* In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal."

See Miller v. United States, 317 U.S. 192, 198–200, 63 S.Ct. 187, 87 L.Ed. 179; Herring v. Kennedy-Herring Hardware Company, 261 F.2d 202, C.A.6; State v. Evans, 145 Wash. 4, 258 P. 845; Lidgerwood Mfg. Co. v. Rogers, 56 Super. 350, 4 N.Y.S. 716; White Pine Lumber Co. v. Manufacturers' Lumber Co., 191 Mich. 390, 158 N.W. 124.

While neither the general proposition above suggested by Professor Moore, nor the Federal Rules of Civil Procedure, nor the cited cases, are here directly in point, nevertheless they serve to chart the course in the determination of the issue before us.

In consideration of the foregoing, we are of the view that the record in this case, including the transcript of the testimony now on file, should be transmitted to the District Court; that counsel for appellee, under conditions to be prescribed by the District Court, be granted the right freely to inspect the record including the transcript, and to play the disc recordings from which the transcript was prepared; that if counsel for appellee, after playing the disc recordings, and after inspection of the transcript now on file, conclude that it is sufficient to present their case on appeal, they so notify the District Court and this Court within a period to be fixed in the order to be entered by this Court; that if any dispute arises with regard to testimony deemed by the District Court to be controlling as to the issues on appeal, the District Court, if possible, shall certify what the testimony in question actually was, though not necessarily in haec verba, or shall certify that the transcript, or revised or additional transcript, contains all of the material facts in the case; that, if further transcription of the recordings be deemed by the District Court to be necessary for the transcript on appeal in this Court, the same shall be transcribed at the cost of appellant, and filed as part of the record on appeal; that the record on

appeal, including the transcript of the testimony, shall thereafter be transmitted to the Clerk of this Court within the period to be fixed in the order of this Court, and appellee shall be granted additional time to file its brief in accordance with the provisions of such order; that if counsel for appellee is unable to agree with counsel for appellant upon the transcript on appeal, and if the District Court states that it is unable to certify that the present transcript, or a revised or additional transcript, correctly presents the testimony necessary to adjudicate the appeal, then, upon motion by either party, the case will be remanded to the District Court for a new trial.