**UNITED STATES of America, for the Use and Benefit of Richard P. JAHN, as trustee of Air Comfort, Inc., Plaintiff-Appellee,**

v.

**JONES COAL COMPANY, Defendant-Appellant.**

**No. 16350.**

United States Court of Appeals Sixth Circuit.

March 29, 1966.

Sizer Chambliss, Chattanooga, Tenn., for appellant.

Richard P. Jahn, Chattanooga, Tenn., for appellee.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

The district court rendered a judgment in favor of Air Comfort, Inc. as use-plaintiff in an action under the Miller Act, 40 U.S.C. § 270a et seq., to collect the balance due on a contract to install air conditioning in the United States Courthouse at Chattanooga, Tennessee. This court affirmed, ruling that the motion of plaintiff to add additional parties could be considered by the district court on remand. 333 F.2d 846 (C.A.6, 1964). In an earlier opinion we overruled appellant's motion to dismiss the appeal. 325 F.2d 877 (C.A.6, 1963).

On January 20, 1962, Air Comfort assigned to Richard P. Jahn, trustee, all rights under its claim against appellant. This assignment was made known to appellant before the trial, but the record does not reflect any effort on the part of either appellant or appellee to cause the substitution of the trustee as a party under Rule 25(c), Federal Rules of Civil Procedure, until after the remand by this court on the first appeal.

On November 13, 1962, the corporate charter of Air Comfort was revoked by the Secretary of State of Tennessee for non-payment of state corporate franchise taxes pursuant to T.C.A. § 67–2925.[1]

Upon remand, the district court substituted the trustee as use-plaintiff and entered an amended judgment against appellant for $14,284.16 with interest from the date of its former opinion rendered October 22, 1962.

Appellant argues that the original judgment was void because Air Comfort did not "exist" as a corporation at the time it was entered and that the district court erred in amending the judgment by substituting the trustee as use-plaintiff. Various technical contentions are asserted in support of this position, all of which we find to be without merit.

 Under Tennessee law the revocation of the charter of a corporation for non-payment of taxes does not result in the abrogation of its choses in action. Those who owe money to the corporation are not relieved of their obligations. The revocation of the corporate charter of Air Comfort did not relieve appellant of liability to the successor in interest of this corporation. Jesse A. Bland Co. v. Knox Concrete Products, 207 Tenn. 206, 338 S.W.2d 605.

 In the present case Air Comfort assigned to the trustee its claim against appellant approximately ten months prior to the revocation of its charter. Whatever may have been the legal effect of the revocation of this charter, the trustee is the assignee of the claim of Air Comfort against appellant which is involved in this litigation.

Rule 25(c), Federal Rules of Civil Procedure, provides that: "In case of any transfer of interest, the action may be continued by the or against the original party, unless the court upon motion di-

---

1. This statute, as amended in 1963, is as follows:
 "67–2925. Revocation of charter for nonpayment of tax.—The commissioner of revenue shall certify to the secretary of state the name of any corporation which fails or refuses to file the report and to pay the tax herein required in all cases where such report and tax payment have not been made within ninety (90) days after due date. At the time of such certification to the secretary of state, the commissioner of revenue shall give notice to the corporation of the action taken. Thereupon the charter of such corporation or its domestication in Tennessee shall stand as automatically revoked and the secretary of state shall note such revocation upon his records. At any time after date of revocation such charter may be reinstated upon the filing of all reports and the payment of all fees, taxes, penalty and interest due the state, provided, however, the title has not been taken by another corporation, and further provided that proof be furnished sufficient to the commissioner that no third party will be injured by such reinstatement."
 The 1963 amendment revoked a one-year limitation period for reinstatement of charters revoked for non-payment of taxes.

rects the person to whom the interest is transferred to be substituted in the action or joined with the original party." We hold that the district court acted within its reasonable discretion and in accordance with the foregoing rule in substituting the trustee as use-plaintiff. Jones v. Village of Proctorville, 303 F.2d 311 (C.A.6, 1962).

Appellant further contends that the district court erred in allowing interest from October 22, 1962, the date of its original opinion. We find this contention likewise to be without merit.

Affirmed.