**In re H & K PLUMBING AND HEATING, INC., Debtor.**

**Bankruptcy No. 95–26950–B.**

United States Bankruptcy Court, W.D. Tennessee.

Oct. 2, 1995.

## MEMORANDUM OPINION AND ORDER ON MOTION OF FULLEN DOCK AND WAREHOUSE, INC. TO DISMISS CASE

WILLIAM H. BROWN, Bankruptcy Judge.

At issue in this core proceeding [1] is whether a corporation whose corporate charter has been revoked administratively by the Tennessee Secretary of State has standing as a corporation to file a chapter 11 bankruptcy petition. Fullen Dock and Warehouse, Inc., the holder of a general unsecured claim against the debtor's estate, has filed a motion to dismiss the debtor's case contending that under Tennessee law the prepetition revocation of the debtor's corporate charter renders the debtor ineligible to institute suit in the courts of Tennessee and, thus, ineligible to file a voluntary chapter 11 petition for relief. The debtor contests this motion and asserts that notwithstanding its corporate status, it has authority under state law to file for bankruptcy relief. The following constitutes findings of fact and conclusions of law in accordance with FED.R.BANKR.P. 7052.

It is undisputed that the debtor filed a voluntary petition for chapter 11 relief on July 10, 1995. It is further undisputed that the debtor's corporate charter was revoked by the Tennessee Secretary of State on January 19, 1994. The revocation resulted from the debtor's "failure to file [and pay] a balance due on the previous year's franchise and excise tax return." Objection to Motion to Dismiss filed September 15, 1995. The debtor's corporate charter has not been reinstated.

Larry D. Austin, Memphis, TN, for Debtor.

Jonathan E. Schraff, Memphis, TN, for Fullen Dock & Warehouse, Inc.

Ellen B. Vergos, United States Trustee, Memphis, TN.

Tennessee Department of Revenue, TN Attorney General's Office, Bankruptcy Unit, Nashville, TN.

### DISCUSSION

"Whether a dissolved corporation is eligible to be a debtor in bankruptcy is determined by reference to state law." *In re A Car Rental, Inc.,* 166 B.R. 869, 870 (Bankr.S.D.Texas 1993). In Tennessee, the creation, maintenance and authority of corporations are governed by statute. *See* TENN. CODE ANNOT. § 48–11–101, et seq.; *Pizza Palace, Inc. v. Stiles (In re Stiles),* 9 T.B.S.

1. 28 U.S.C. § 157(b)(2)(A).

10–7 (Bankr.W.D.Tenn.1990). Accordingly, *"absent statutory authority to the contrary, a corporation whose charter has been revoked or corporate authority forfeited may not bring a new suit or maintain a pending one in the name of the corporation." Id.* at p. 4 (Emphasis in original). *See also, Bland Co. v. Knox Concrete Products, Inc.,* 207 Tenn. 206, 338 S.W.2d 605, 607 (1960). Current statutory authority in Tennessee provides that "[d]issolution of a corporation does not ... (5) [p]revent commencement of a proceeding by or against the corporation in its corporate name." TENN.CODE ANNOT. § 48–24–105(b)(5). Therefore, assuming arguendo, that lack of standing to commence a cause of action in state court renders an entity ineligible for chapter 11 relief, this state statute provides authority to the contrary. Moreover, where, as in this case, the charter revocation results from the corporation's failure to report or pay franchise or excise taxes, the charter may be reinstated "at any time after the date of revocation," upon the filing of all reports and payment of all taxes due. TENN.CODE ANNOT. § 67–4–917(c). *Cf. In re A Car Rental, Inc.,* 166 B.R. at 870 (Texas statute only allows reinstatement for a maximum of two years following revocation). Upon reinstatement of the corporate charter, the corporation's "privileges and existence from the date of revocation" are validated under TENN.CODE ANNOT. § 67–4–917. *Kerney v. Cobb,* 658 S.W.2d 128, 131 (Tenn. Ct.App.1983). According to pertinent Tennessee case law, the object of the revocation statute is to assure revenue for the state. *Loveday v. Cate,* 854 S.W.2d 877, 879 (Tenn. Ct.App.1992). Consequently, "absent injury to the rights of third parties, reinstatement of [a] corporate charter validates otherwise legal transactions occurring in the interim between revocation and reinstatement of the charter." *Bailey v. Eagle Energy, Inc. (In re Butcher),* 45 B.R. 736, 738 (Bankr. E.D.Tenn.1985).

 In this chapter 11 case, it is the debtor's intention to propose and obtain confirmation of a plan of reorganization that provides for payment of the priority taxes due the state of Tennessee. Upon confirmation of such a plan, filing of delinquent returns, and payment of necessary taxes, reinstatement of the debtor's corporate charter may be accomplished. As discussed above, such reinstatement would result in validation of the debtor's corporate privileges and existence from the date of revocation.

From the above discussion, it may be concluded that under applicable state law, the debtor is eligible to maintain its chapter 11 petition and pursue a plan of reorganization. Accordingly, it is **HEREBY ORDERED** that the Motion to Dismiss filed by Fullen Dock and Warehouse, Inc. is denied.

**SO ORDERED.**