# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 12, 2003 Session

## KHB HOLDINGS, INC. v. MARK A. DUNCAN, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 149910-2      Daryl R. Fansler, Chancellor**

**FILED JUNE 25, 2003**

**No. E2002-02062-COA-R3-CV**

KHB Holdings, Inc. ("KHB") sued Mark A. Duncan and Tina L. Duncan ("the Duncans"), alleging that the Duncans had terminated KHB's contract to construct a residence for them. The trial court found that KHB's corporate charter had been revoked two years prior to the date on which KHB ostensibly contracted with the Duncans; denied KHB's motion to substitute its sole shareholder, Kenneth H. Boyd ("Boyd"), for the corporation; and held that KHB had failed to establish it was entitled to recover based upon a theory of *quantum meruit*. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Raymond E. Lacy and Cynthia Lacy Wagner, Knoxville, Tennessee, for the appellants, KHB Holdings, Inc. and Kenneth H. Boyd.

John T. Sholly, Knoxville, Tennessee, for the appellees, Mark A. Duncan and Tina L. Duncan.

## OPINION

### I.

KHB was incorporated in Tennessee on May 25, 1989. Boyd, the sole shareholder of KHB, also served as the sole director and president of the corporation. On October 30, 1997, the Tennessee Department of Revenue revoked KHB's charter for failure to pay taxes.

More than two years later, on November 22, 1999, KHB ostensibly entered into a contract with the Duncans for the construction of a residence on real property owned by them; the contract price was $150,000. KHB obtained a construction loan and began construction. On August 30, 2000, the parties executed an amended contract, which granted to KHB an extension of time on the

project, in exchange for a $4,242.03 credit on the purchase price.  On October 1, 2000, the Duncans terminated the contract.

At the time of termination, construction was 95% complete.  Of the adjusted contract price of $145,757.97, the Duncans paid only $108,000.  They spent approximately $15,000 to complete the residence.  Thereafter, KHB brought this action against the Duncans[1] for breach of contract and under a *quantum meruit* theory, and demanded $42,000 in damages, plus interest.  The Duncans then filed a counterclaim against KHB, alleging breach of contract, unjust enrichment, fraud, and misapplication of payments.

On the day of trial, Boyd made a motion to be added as a party plaintiff, contending that, as the sole shareholder of KHB, he would be entitled to any recovery against the Duncans due under the contract.  KHB made a motion on the same day, asking that it be allowed to amend its answer to the counterclaim to assert the defense of Boyd's discharge in bankruptcy in the event the trial court should find that KHB was without authority to contract with the Duncans.  In that event, KHB asked that Boyd be substituted as the real party in interest.

At the conclusion of the trial, the court found that when KHB ostensibly entered into a contract with the Duncans, it was then precluded from engaging in new business because its corporate charter had been previously revoked.  Accordingly, "there was no cause of action of the corporation for [Boyd] to pursue as a result of this purported contract on November 22, 1999."  Further, the trial court found that Boyd failed to prove that it could pursue an action against the Duncans in *quantum meruit*.  The trial court dismissed KHB's complaint and dismissed the Duncans' counterclaim because of their failure to attend the trial and prosecute their claim.  From this order, KHB appeals.  Boyd appeals the trial court's denial of his motion to be added as a party plaintiff.

II.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual determinations that we must honor unless the evidence preponderates otherwise.  Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  Our review of questions of law is *de novo* with no such presumption of correctness attaching to the trial court's conclusions of law.  *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

---

[1] In the original complaint, KHB named several other defendants.  However, the claims against these defendants were dismissed by the trial court and are not before us on this appeal.

III.

A.

KHB and Boyd raise two issues on appeal. First, they argue that the trial court erred in denying Boyd's motion to be substituted and/or added as a plaintiff in the instant case. Second, they contend that the trial court erred in dismissing their claim based upon a theory of *quantum meruit*.

B.

When a corporation is administratively dissolved, the assets of the corporation pass to its shareholders. *See Jesse A. Bland Co. v. Knox Concrete Prods., Inc.*, 207 Tenn. 206, 338 S.W.2d 605, 607-08 (Tenn. 1960). Likewise, any causes of action belonging to the corporation may be pursued by its shareholders. *See id.* The appellants argue from this that Boyd, as the sole shareholder of KHB, has the right to pursue the cause of action in the instant case against the Duncans.

Once a corporation has been administratively dissolved, it "may not carry on any business except that necessary to wind up and liquidate its business and affairs...and notify claimants...." Tenn. Code Ann. § 48-24-202(c) (2002). In addressing this issue, the trial court found as follows:

> In effect, if [KHB] acquired a cause of action it did so in violation of state law prohibiting it from continuing to do business. Thus, while property belonging to the corporation on October 30, 1997, may have passed to its shareholder, i.e. [Boyd], the corporation on November 22, 1999, was prohibited from entering into the contract and thus acquiring the cause of action at hand. In effect, there was no cause of action of the corporation for [Boyd] to pursue as a result of this purported contract on November 22, 1999.

*See also Swindle v. Big River Broad. Corp.*, 905 S.W.2d 565, 567 (Tenn. Ct. App. 1995) (stating that "[a]bsent a statutory provision . . ., no suit can be maintained by or against a corporation after dissolution, and must be dismissed").

In their brief, the appellants contend that if KHB's charter had been reinstated before trial, its contract with the Duncans would have been validated, pursuant to Tenn. Code Ann. § 48-24-203(c) (2002), which provides as follows:

> When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution, and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.

The appellants' assertion is obviously correct. Under the statute, reinstatement is effective "as of the effective date of the administrative dissolution." *Id.* This statutory principle is of no help to the appellants, however, for the simple reason it is undisputed that KHB's charter was not reinstated prior to the time it tried to contract with the Duncans.[2] KHB's inchoate identity never materialized. The fact that it might have, or could have, come back into existence is of no significance in this case. It did not and that is all that matters.

The appellants rely upon Tennessee cases holding that the claims of a dissolved corporation pass to its shareholders, essentially arguing that KHB's claim against the Duncans passed to Boyd and that he had the right to pursue it. *See Jesse A. Bland Co.*, 207 Tenn. at 206, 338 S.W.2d at 605; *Powers v. Terry*, No. E2001-00108-COA-R3-CV, 2001 WL 1516958 (Tenn. Ct. App. E.S., filed November 29, 2001). These cases are of no benefit to the appellants. As Chancellor Fansler correctly pointed out, there was no claim against the Duncans that could pass to Boyd for the simple reason that KHB was prohibited by state law from entering into the subject contract and hence did not acquire any claims arising out of what was essentially an illicit relationship.

KHB, by attempting to enter into a contract with the Duncans more than two years after its charter had been revoked, was carrying on corporate business after dissolution, conduct that was clearly in violation of Tenn. Code Ann. § 48-24-202(c). To allow Boyd to be substituted for KHB and pursue this claim against the Duncans would circumvent the statute and thwart the sound public policy embodied in the statute. We therefore find no error in the trial court's denial of Boyd's motion for substitution.

C.

In order to maintain an action under a theory of *quantum meruit*, a party must prove the existence of the following:

> 1. There is no existing, enforceable contract between the parties covering the same subject matter;
>
> 2. The party seeking recovery proves that it provided valuable goods or services;
>
> 3. The party to be charged received the goods or services;
>
> 4. The circumstances indicate that the parties to the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and

---

[2]In fact, as of the date of trial, KHB's charter still had not been reinstated.

5. The circumstances demonstrate that it would be unjust for a party to retain the goods or services without payment.

***Swafford v. Harris***, 967 S.W.2d 319, 324 (Tenn. 1998) (citing ***Castelli v. Lien***, 910 S.W.2d 420, 427 (Tenn. Ct. App. 1995)).

While the trial court did not specifically state that KHB could not maintain an action against the Duncans in *quantum meruit*, it effectively did so by finding that KHB was not in existence at the time it attempted to contract with the Duncans and therefore could not maintain *any* action – breach of contract, *quantum meruit* or otherwise – against the Duncans. The trial court did address Boyd's attempt to pursue relief under a theory of *quantum meruit*:

> Elements 1 and 3 [of *quantum meruit*] set forth above were shown to exist at the trial. However, even if the Court allowed the pleadings to be amended so as to add Boyd as the party plaintiff, he failed to show that he, in fact, is the party that provided valuable goods or services. His proof would show that he was working for an entity known as KHB Holdings, Inc. in 1999. If the corporation were dissolved then of course he would have provided the labor. However, there is no proof in the record that [KHB] or [Boyd] actually paid for the materials that were placed in the house. Certainly there was no proof that [KHB] paid for the materials and it was intimated that Boyd's personal bankruptcy was directly related to [KHB's] inability to pay its creditors as a result of money being withheld on this particular contract.

> Additionally number 5 has not been met. [Boyd] insisted that the trial go forward as scheduled on June 5, 2002. Allowing an amendment for *quantum meruit* in his individual capacity on the day of trial prevented [the Duncans] from having ample time and opportunity to present evidence that it would not be unjust for them to retain the goods or services without payment. A number of allegations were made against [Boyd] individually and [KHB] to the effect that the Duncans themselves felt they had a cause of action for the manner and method in which this work was done or, more aptly put, in the manner in which it was not done.

We cannot say that the evidence preponderates against these findings. Further, we agree with the trial court that *quantum meruit* is an equitable remedy – that "one who comes into equity must do so with clean hands" – and that it would be inequitable to allow Boyd to proceed under the circumstances of the instant case. This is an additional justification for the denial of Boyd's attempt to be substituted for KHB on the latter's assumed *quantum meruit* claim. We find no error

in the trial court's judgment that neither KHB nor Boyd has the right to pursue a *quantum meruit* claim against the Duncans.

IV.

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellants, KHB Holdings, Inc. and Kenneth H. Boyd.

_____
CHARLES D. SUSANO, JR., JUDGE