

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# Anderson v. Gillis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4337

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Anderson v. Gillis" (2007). *2007 Decisions.* Paper 999.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/999

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-248**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4337

JAMES ANDERSON,

Appellant

v.

SUPERINTENDENT FRANK D. GILLIS;
THE ATTORNEY GENERAL FOR
THE STATE OF PENNSYLVANIA

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-03588)
District Judge: Honorable Marvin Katz

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
Or for Request for a Certificate of Appealability
May 24, 2007

Before:    SLOVITER, CHAGARES AND GREENBERG,  Circuit Judges

(Filed: June 6, 2007)

OPINION

PER CURIAM

James Anderson appeals from the order of the United States District Court for the

Eastern District of Pennsylvania denying his request for a copy of a document that he had

previously filed with the court. For the following reasons, we will summarily affirm that order under LAR 27.4 and I.O.P. 10.6.

Anderson is a state prisoner at the State Correctional Institution ("SCI") in Huntington, Pennsylvania. In 2003, he sought to file a federal habeas petition, his second, under 28 U.S.C. § 2254.[1] The district court transferred the petition to this Court to be treated as an application to file a second or successive habeas petition under 28 U.S.C. § 2244(b). This Court denied the application. In re James Anderson, No. 04-1527 (3d Cir. Apr. 22, 2004). In 2005, Anderson filed another request for permission to file a second or successive habeas corpus petition. This Court denied that application also. In re James Anderson, C.A. No. 05-2085 (3d Cir. May 9, 2005).

Anderson has continued to file various papers and documents in the 2003 matter, and, recently, he has filed numerous appeals to this Court from that case. At issue in the instant appeal is the denial of Anderson's request that the district court provide him with a copy of an 85-page document[2] he had filed. But Anderson, even if indigent, was not

---

[1] This was Anderson's second federal habeas petition. Anderson, otherwise known as James Hendel, filed his first habeas petition in September 1997, and the district court denied it. See Hendel v. Vaughn, Civ. No. 97-cv-5690 (E.D. Pa. Aug. 10, 1998). This Court denied his request for a certificate of appealability. Hendel v. Vaughn, No. 98-1753 (3d Cir. Nov. 26, 1999).

[2] In his notice of appeal, Anderson noted that the document, entitled "Addendum to present facts, records, documents, evidence supporting law and conclusions that petitioner's rights pursuant to the U.S. Constitution (1st, 4th, 5th, 6th, 14th Amendment rights) were violated by the Philadelphia Police, District Attorney before and on 12/30/92, and denials of counsel's assistance on that date, up until January 27, 1993, and denial of impartial judge on 12/20/92, where there was exculpatory evidence withheld violating

2

automatically entitled to have the district court provide him with a copy of that filing.[3]

The in forma pauperis statute does not grant the court the authority to provide an indigent litigant with copies of all the documents in the record. See Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam) (statutory right to proceed in forma pauperis does not include right to free copies of court orders). While indigent prisoners in a habeas case who have been granted in forma pauperis status are entitled to obtain certain documents without cost, see 28 U.S.C. § 2250, copies of documents generated by the petitioner and filed by him previously in the case would not be included. It is not clear that Anderson was ever granted in forma pauperis status in the district court, but even if he was, it was not an abuse of discretion for the district court to deny the request.[4]

We would add that, given Anderson's prolific filings in the district court case and the number of meritless appeals he has taken from that case in the last year,[5] the district court may wish to consider entering an order enjoining Anderson from filing additional documents in that case without the court's permission. See Abdul-Akbar v. Watson, 901

Brady v. Maryland 375 U.S. 83 (1963) on 12/30/92," consists of 85 pages.

[3] We would note that at the time of Anderson's request on August 24, 2006, Anderson had several appeals pending in this Court and the district court forwarded the record here. The record included the document that was the subject of his request.

[4] Furthermore, this is not a case where the petitioner has demonstrated that his claims are non-frivolous and that the document is necessary to decide the issue presented in the case. Cf. 28 U.S.C. § 753(f) (movant under § 2255 entitled to have government pay for transcript where he demonstrates non-frivolous claim and transcript is necessary to decide issue); United States v. MacCallom, 426 U.S. 317, 325-27 (1976) (plurality) (same)

[5] To date, Anderson has taken at least eight appeals.

F.2d 329, 332 (3d Cir. 1990). Of course, such an injunction would need to be appropriately and narrowly tailored to fit the circumstances of the case. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

We will affirm the district court's order under LAR 27.4 and I.O.P. 10.6.[6]

---

[6] We deny the request for a certificate of appealability as unnecessary.