ALD-291                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3233
_____

IN RE: JAMES ANDERSON, a/k/a J. Hendel,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. No. 97-cv-05690)

_____

Submitted Pursuant to Fed. R. App. Pro. 21
September 15, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: September 30, 2011)
_____

OPINION
_____

PER CURIAM

        Petitioner James Anderson, a/k/a James J. Hendel, pleaded guilty to aggravated

assault and unlawful restraint in the Philadelphia Court of Common Pleas.  On July 8,

1993, he was sentenced to a term of imprisonment of 5-17 years, to be followed by four

years of probation.  On September 11, 1997, Anderson filed a petition for writ of habeas

corpus, 28 U.S.C. § 2254, in the United States District Court for the Eastern District of

Pennsylvania.  The District Court dismissed the petition on the ground that Anderson's

claims were barred from federal habeas review due to a procedural default, and he could

not show cause for the default or that failure to consider his claims would result in a

fundamental miscarriage of justice, see Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Anderson appealed, and we denied his application for a certificate of appealability in C.A. No. 98-1753 on November 26, 1999.

Anderson was paroled on November 6, 2009. He was rearrested and adjudicated guilty of a probation violation on March 16, 2010. Anderson then was sentenced on the probation violation to a new term of imprisonment of 2-4 years, to be followed by one year of probation.

Recently, Anderson filed an application in this Court, one of many,[1] for authorization to file a second or successive habeas corpus petition under 28 U.S.C § 2254. He also filed a motion to be exempt from the filing requirements of Third Cir. LAR 22.5. On April 27, 2011, we issued an Order on Anderson's application, granting his motion to be exempt from the filing requirements of Third Cir. LAR 22.5, denying his application to file another section 2254 petition challenging his 1993 sentence, and advising him that he did not need authorization from us to challenge his new sentence of 2-4 years' imprisonment on the probation violation.

Anderson now has filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651, in which he argues that the District Court exceeded its authority in deciding his 1997 habeas corpus petition by referring to, and relying upon, a transcript from an adversary proceeding in the United States Bankruptcy Court. Attached to the mandamus

---

[1] In June, 2003, Anderson filed a second habeas corpus petition. It was transferred to this Court to be treated as an application to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b), and we denied the application (C.A. No. 04-1527). In 2005, Anderson filed a request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 05-2085). In 2007, Anderson filed a request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 07-1099).

petition are portions of the District Court's Memorandum, which Anderson argues are evidence of the District Court's having materially misrepresented certain facts concerning his offense by relying on this bankruptcy transcript. Anderson asks that we order the District Court to supply him with a copy of this bankruptcy transcript from a hearing held on December 15, 1994, because access to it will, he contends, allow him to demonstrate actual innocence, and thus his eligibility to file another habeas corpus petition. See Petition, at 3.[2]

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Anderson's petition does not meet the test for extraordinary relief. Authorization to file a second or successive habeas corpus petition is only granted where the application relies "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or newly discovered evidence

---

[2] We note that Anderson has filed a separate petition for writ of mandamus, see C.A. No. 11-3150, in which he stated that he had been unable, in his recent section 2244 proceedings, to supply us with a copy of his prior section 2254 petition, and, in which he asked us to order the District Court to provide him with a copy of this item. Although that petition and the instant petition overlap to some extent, we will not address Anderson's demand for a copy of his prior section 2254 petition here; that issue will be addressed separately in C.A. No. 11-3150.

which "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A) & (B). Anderson's claim that the District Court improperly relied upon extra-record evidence and materially misstated the facts concerning his offense does not involve a new rule of constitutional law.

To the extent that Anderson is arguing that the bankruptcy transcript is newly discovered evidence, we reject his contention of actual innocence. In the Memorandum, the District Court stated: "Anderson repeatedly assaulted Poole about the face and body.... Poole suffered injuries, including an 'orbital floor blowout' fracture to her right eye. Sent. Hearing Tr. at 12-16. See also Bankr. No. 93-12285, 94-0891 Tr. at 14 (discussing other injuries including broken ribs, fractured skull, fractured nose and a punctured eardrum)." See Petition for Writ of Mandamus, Exhibit B. Anderson evidently takes issue with the District Court's reliance on the bankruptcy transcript to note additional injuries to the victim. The District Court also stated that Anderson "was included as a debtor in the bankruptcy and testified at the hearings." Id. at Exhibit D. Anderson argues that he was a creditor and *not* a debtor, and that Poole stole his property and his money.

Anderson thus seeks to relitigate the issue of Poole's credibility, her motive to lie, and the extent of her injuries. The District Court concluded, however, that the bankruptcy proceedings were not relevant to Anderson's criminal case and thus his habeas corpus petition, stating: "The record shows that [Anderson's] guilty plea was knowing and voluntary. There has been no showing of actual innocence. While

4

[Anderson] has provided the court with a barrage of papers and motions proclaiming his innocence, they do not show that he is innocent…. The subsequent bankruptcy and disposition of property, whether lawful or not, has no relevance in [Anderson's] criminal case for aggravated assault and unlawful restraint." Id. at Exhibit E. We agree. Anderson has made no showing whatever that the 1994 bankruptcy hearing transcript would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B)(ii). He has not shown a clear and indisputable right to the transcript, and he thus is not entitled to the mandamus relief he seeks.

For the foregoing reasons, we will deny the petition for writ of mandamus.