DLD-102                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1029
_____

IN RE: JAMES ANDERSON,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. No. 97-cv-05690)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
January 26, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  February 3, 2012)
_____

OPINION
_____

PER CURIAM

        Petitioner James Anderson, a/k/a James J. Hendel, pleaded guilty to aggravated

assault and unlawful restraint in the Philadelphia Court of Common Pleas.  On July 8,

1993, he was sentenced to a term of imprisonment of 5-17 years, to be followed by four

years of probation.  On September 11, 1997, Anderson filed a petition for writ of habeas

corpus, 28 U.S.C. § 2254, in the United States District Court for the Eastern District of

Pennsylvania.  The District Court dismissed the petition on the ground that Anderson's

claims were barred from federal habeas review due to a procedural default, and he could

not show cause for the default or that failure to consider his claims would result in a

fundamental miscarriage of justice, see Coleman v. Thompson, 501 U.S. 722, 750 (1991). Anderson appealed, and we denied his application for a certificate of appealability in C.A. No. 98-1753 on November 26, 1999.

Anderson was paroled on November 6, 2009. He was rearrested and adjudicated guilty of a probation violation on March 16, 2010. Anderson then was sentenced on the probation violation to a new term of imprisonment of 2-4 years, to be followed by one year of probation.

In June, 2003, Anderson filed a second habeas corpus petition. It was transferred to this Court to be treated as an application to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b), and we denied the application (C.A. No. 04-1527). In 2005, Anderson filed a request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 05-2085). In 2007, Anderson filed a request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 07-1099).

Recently, Anderson filed another application in this Court for authorization to file a second or successive habeas corpus petition under 28 U.S.C § 2254. He also filed a motion to be exempt from the filing requirements of Third Cir. LAR 22.5. On April 27, 2011, we granted his motion to be exempt from the filing requirements of Third Cir. LAR 22.5, denied his application to file another section 2254 petition challenging his aggravated assault conviction, and advised him that he did not need authorization from us to challenge his new sentence of 2-4 years' imprisonment on the probation violation.

Anderson now has filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651, in which he asserts that prison staff, over the years, have confiscated, misplaced,

2

or destroyed his legal records and files relating to his aggravated assault conviction. However, copies of those records are attached to various pleadings filed by the District Attorney of Philadelphia in fifteen different federal cases: James Anderson v. Frank Gillis, 03-3588, 06-2345, 06-3110, 06-3788, 06-3896, 06-4337, 06-3896, 07-1119, 07-1150, 07-2435; In re: James Anderson, 04-1527, 05-2085, 07-3495; In re: James Anderson (a/k/a James Hendel), 07-1099; and James Hendel a/k/a James Anderson v. Donald Vaughn, 98-1753. See Petition, at 1. Anderson contends that he needs copies of all of the pleadings and exhibits filed in these 15 federal cases (some of which are applications in this Court to file a second or successive habeas corpus petition), in order to plead and prove his actual innocence. He claims to be indigent and unable to afford to pay for copies, and he claims that he has made numerous requests for copies through the state courts, which he says were ignored. Anderson asks that we order the District Court and our Clerk to provide him with all of these records at government expense.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Anderson's petition does not warrant an extreme remedy. First, there is an adequate remedy in the federal statutes for indigent federal habeas corpus petitioners who

3

need copies of critical records. See generally 28 U.S.C. § 753(f) and § 2250. Pursuant to these statutes, Anderson once asked the District Court for a copy of an 85-page document he had previously filed with the court. See Anderson v. Gillis, 236 Fed. Appx. 738 (3d Cir. 2007). The request was denied, and, on appeal, we summarily affirmed, noting in the margin that, in order to be awarded transcripts at government expense, a petitioner must demonstrate that "his claims are non-frivolous and that the document is necessary to decide the issue presented in the case." Id. at 739 n.4 (citing United States v. MacCollom, 426 U.S. 317, 325-27 (1976) (plurality)). These requirements for obtaining copies of records at government expense – that claims be non-frivolous and that the items requested be relevant – are less stringent than the requirements for mandamus relief. It necessarily follows then that Anderson has other "adequate" means to obtain the relief desired, see Haines, 975 F.2d at 89.

In addition, Anderson recently sought a writ of mandamus in this Court, asking that we order the District Court to supply him with a copy of a transcript from a bankruptcy hearing held on December 15, 1994, because access to it would allow him to demonstrate actual innocence, and thus his eligibility to file another habeas corpus petition, see In re: Anderson, 2011 WL 4509497 (3d Cir. 2011). We denied that request, explaining that the transcript would not aid Anderson in meeting the gatekeeping requirements of 28 U.S.C. § 2244(b)(2)(A), see id. at *2.[1] We specifically rejected his

---

[1] Authorization to file a second or successive habeas corpus petition is only granted where the application relies "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or newly discovered evidence which "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A) & (B).

claim of actual innocence, noting that the record showed that he repeatedly assaulted Ms. Poole about the face and body, and she suffered injuries, including an orbital floor blowout fracture to her right eye.  See id.  Moreover, Anderson pleaded guilty to the crimes.  See id.  Here, his claim of actual innocence is similarly not persuasive, and is not even tied to a specific document that is arguably relevant to a claim of innocence. Accordingly, Anderson has not shown a clear and indisputable right to the writ.

For the foregoing reasons, we will deny the petition for writ of mandamus.